·ANDREW WILLIAM LE VONAS *v.* ACME PAPER BOARD COMPANY
FREDERICK JAMES FADO *v.* SAME

[Nos. 35, 36, October Term, 1944.]

*Decided December 8, 1944.*

The causes were argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Lemuel Oliver,* for the appellant, in both cases.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith,* on the brief, for the appellee, in both cases.

DELAPLAINE, J., delivered the opinion of the Court.

These suits were brought by Andrew William Le Vonas and Frederick James Fado, employees of an independent contractor, to recover for injuries alleged to have been caused by negligence of Acme Paper Board Company and Consolidated Gas, Electric Light & Power Company.

The cases were tried together before a jury in the Baltimore City Court, where plaintiffs testified that the paper board company had engaged Paul Pugh to hoist a number of steel beams from the edge of its field along the side of Big Falls Road at White Hall, Maryland, to the roof of its building, and that Pugh had employed them to do the work. On the morning of September 24, 1940, they began the work of moving the beams by means of a crane, with a boom 70 feet long, operated by a workman under their direction. They had loaded a

number of beams on a truck, ready to be hauled to the building, and had just placed a 10-foot beam in the hooks of the steel cable hanging from the boom, with intention of putting that beam also on the truck, when Le Vonas told Fado to hold the beam from moving until he found where it belonged. Le Vonas then stooped over a blueprint for about five minutes to find out the number of the beam which would locate its proper position in the roof. While the cable was hanging motionless within four feet of the main line of electric wires maintained by the Consolidated Gas, Electric Light & Power Company along the side of the road, Fado suddenly saw a blue flame jumping along the beam, and instantaneously he was knocked to the ground and burned by electricity. As he fell, the beam started to move. Le Vonas, seeing the beam drifting toward him, raised his hand to hold it, whereupon he too was shocked. At the close of their evidence, plaintiffs admitted the electric company was not liable. These appeals are from judgments entered upon directed verdicts in favor of the paper board company.

Plaintiffs contend that defendant was negligent because it did not warn them that the wires were dangerous. In 1869 Judge Alvey announced the general rule in *Deford v. State, to Use of Keyser,* 30 Md. 179, 205, that a property owner must exercise care that his property is so used and managed, whether by his own servants or by an independent contractor, that the mode of conducting his work will not cause injury to servants or other persons. But the property owner who invites other persons to come upon his premises is not an insurer of those persons against every possible accident. He must exercise merely such care as a reasonably careful and prudent person would exercise to guard against dangers under the circumstances so as to make the premises reasonably safe. He will not be held liable for injuries resulting from dangers which are as obvious or familiar to the person injured as to him. It is only when there is some concealed peril, known to the owner but not known

to the person injured, which he has failed to warn against, that he will be held responsible. *Pinehurst Co. v. Phelps*, 163 Md. 68, 160 A. 736; *Gordon v. Maryland State Fair*, 174 Md. 466, 199 A. 519. On the other hand, an employee, in examining his surroundings, must use reasonable care to take notice of any obvious dangers; and, in performing his work, he must keep in mind the ordinary operation of familiar laws and govern himself accordingly. If he fails to do so, the risk is his own. If a defect is obvious and suggestive of danger, knowledge on the part of the employee will be presumed. *State, to Use of Linton, v. Baltimore Mfg. Co.*, 109 Md. 404, 411, 72 A. 602.

If the owner employs an independent contractor to do certain work, he owes to employees of the contractor the same duty he would owe to employees of his own to furnish them a safe place to work. When the risk to which an employee is exposed arises from causes which are concealed, the employer is bound to notify him of them, provided that he himself knows them, or by the exercise of ordinary care ought to have known of them. But while the owner must exercise reasonable care to have his own plant safe for employees of his contractor, he does not stand in the shoes of the contractor, for manifestly, if he is concerned only in the general results of the work and has no control of the details and manner in which the work is to be accomplished, he should not be liable for injuries caused to employees of the contractor during the progress of the work. On the contrary, if the injury is such as might have been anticipated as a probable consequence of the work, and the employer took no precaution to prevent it, he can be held liable for negligence. In other words, liability for injuries to a servant of an independent contractor rests upon the owner when the premises on which the stipulated work is done remain under his control and the injuries arise out of the abnormally dangerous condition of the premises, the owner being chargeable with knowledge of the danger. *Smith v. Benick*, 87 Md. 610, 614,

41 A. 56, 42 L. R. A. 277; *Weilbacher v. J. W. Putts Co.,* 123 Md. 249, 256, 91 A. 343, Ann. Cas. 1916C, 115; *Hess v. Bernheimer & Swartz, Pilsener Brewing Co.,* 219 N. Y. 415, 114 N. E. 808; *Warner v. Synnes,* 114 Or. 451, 230 P. 362, 235 P. 305, 44 A. L. R. 904.

In accordance with these basic principles, the law does not require that a person, who maintains even so deadly an instrumentality as a high voltage electric wire, shall anticipate at his peril every possible fortuitous circumstance under which some person might make a contact with the wire, resulting in injury or death. *Hayden v. Paramount Productions,* 33 Cal. App. 2d 287, 91 P. 2d 231; 18 *Am. Jur., Electricity,* Sec. 58. Electricity is now used so universally in city and country, in home and in business, for illumination and motive power, and for communication and transportation, that it is a matter of common knowledge that any line carrying electric current is dangerous to a more or less degree. The fact that a wire is charged with electric current is notice of danger, and any person mindful of his safety should treat it with caution. When a person voluntarily touches, or approaches nearer than a reasonably prudent person would, an electric wire, which he knows, or which a person of ordinary knowledge and experience would have reason to believe, is sufficiently charged with electricity to be dangerous, and in consequence thereof he is injured, it will be assumed as a matter of law that his own negligence contributed to the accident. *Potomac Edison Co. v. State, for Use of Hoffman,* 168 Md. 156, 161, 177 A. 163, 166.

The law does not require an electric company to insulate its high-tension wires everywhere, but only where there is reason to apprehend that persons may come in contact with them, either in the pursuit of their calling or where they may be reasonably expected to go. In the absence of statute or ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in close proximity to them. *Brown v. Edison Electric Illuminating Co.,* 90 Md.

400, 406, 45 A. 182, 46 L. R. A. 735, 745, 78 Am. St. Rep. 442; *Alabama Power Co. v. Cooper,* 229 Ala. 318, 156 So. 854; *McCormick v. Great Western Power Co.,* 214 Cal. 658, 8 P. 2d 145, 81 A. L. R. 678. If there are evidences of insulation, and the defects are not visable after careful inspection, a person whose employment brings him in close proximity to the wire is not guilty of contributory negligence by coming in contact with it, unless he does it unnecessarily and without proper precaution for his safety, because the wire, if properly insulated, would have been harmless. *Ryan v. St. Louis Transit Co.,* 190 Mo. 621, 89 S. W. 865, 869, 2 L. R. A., N. S., 777. In *Sommer v. Public Service Corporation of New Jersey,* 79 N. J. L. 349, 75 A. 892, it was held that if a defect in insulation is not readily discernible, and the wires are apparently safe, and hence the employee works in close proximity to them without notice that they are dangerous, he is not negligent as a matter of law. The fact that an accident occurs when a man, who does not appreciate the extent of his danger, comes in contact with a high-tension wire which is not insulated does not of itself create a presumption of negligence. But his failure to act as an ordinarily prudent person would have done under the circumstances constitutes contributory negligence. While knowledge of danger is an important factor in determining the question of contributory negligence, a man of ordinary sense and prudence is chargeable with knowledge of danger when he has knowledge of the facts and they are such as are ordinarily sufficient to impress such a man that danger exists. *Alabama Power Co. v. Curry,* 228 Ala. 444, 153 So. 634, 638; 29 *C. J. S., Electricity,* Sec. 53.

In the case at bar plaintiffs testified that they saw the electric wires, and could not tell whether they were insulated, and made no inquiry, but assumed that they were low voltage wires like "ordinary house wires." Without any protective devices, they recklessly brought the steel cable almost directly under the wires. The American Law Institute comments that in the present era of spe-

cialization, it may be proper for a lay employer to trust implicitly in the technical competence of an independent contractor who makes a business of making or repairing many of the instrumentalities which have become a part of everyday life. 2 *Restatement, Torts,* Sec. 412. Plaintiffs in this case had the advantage of long experience in structural steel work. Le Vonas had been engaged in this kind of work for 15 years. Fado for 23 years. Whether or not they had been warned that the wires were high voltage, they could easily see that there were two groups of wires, the upper containing three wires, the lower four, with large insulators near the poles. Plaintiffs ought to have known that the wires carried high voltage and that contact with them would be dangerous. In addition, defendant did not possess any superior knowledge of the dangerous instrumentality and the danger therefrom to any person coming upon the property. When a person undertakes work which exposes him to obvious dangers which he knew or had the opportunity to know, he must be considered as having assumed such risks, and he cannot recover for any injuries resulting therefrom. In *State, for Use of Bahner v. Consolidated Gas, Electric Light & Power Co.,* 159 Md. 138, 143, 150 A. 452, where it was argued that the deceased, who was electrocuted while attempting to throw a radio aerial over an electric wire, did not know that it carried high voltage, this Court declared that the de-deceased knew that the wire carried sufficient current for an arc light in front of his home, and that he either knew or ought to have known that his act was hazardous. In this case plaintiffs' injuries were caused by their own negligence in bringing the steel cable too near the high-tension wires to avoid the accident. *Stackpole v. Pacific Gas & Electric Co.,* 181 Cal. 700, 186 P. 354; *Hauser v. Pacific Gas & Electric Co.,* 133 Cal. App. 222, 23 P. 2d 1068.

Since there was no duty on the part of defendant to warn the independent contractor or his employees that the electric wires were dangerous, we will affirm the judg-

ments entered in the court below upon the directed verdicts in favor of defendant.

*Judgment in No. 35 affirmed, with costs.*

*Judgment in No. 36, affirmed, with costs.*