**Otis E. SMITH, Appellant**
v.
**JOHN B. KELLY, INC., Appellee.**
No. 15010.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 23, 1959.

Decided Feb. 4, 1960.

Petition for Rehearing Denied March 7, 1960.

Mr. Sidney Edelman, New York City, with whom Messrs. Philip J. Lesser, Raymond C. Kates, and I. Irwin Bolotin, Washington, D. C., were on the brief, for appellant.

Mr. Arthur V. Butler, Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch, J. Joseph Barse, Walter J. Murphy, Jr., and James A. Welch, Washington, D. C., were on the brief, for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a summary judgment entered in the District Court in an action for personal injuries. After the pleadings had been filed and the deposition of plaintiff (appellant) taken, motion for summary judgment was filed by defendant (appellee) and granted. The facts are not seriously in dispute. Briefly stated, they are as follows:

In February 1957, plaintiff was employed as an assistant superintendent by John McShain, Inc., the principal contractor,[1] on the erection of a building in Maryland. The defendant, John B. Kelly, Inc., was a subcontractor engaged by McShain to do the brickwork construction.

On the day of the accident, the defendant, through its agent, was operating a motor-driven lift, which was used to carry bricks for the use of defendant to the various floors of the building then under construction.[2] There was being loaded onto the lift a buggy, that is, a gas-driven wheeled vehicle, used to carry the bricks. The buggy and bricks were to be hoisted to the fourth floor and there unloaded. Plaintiff went onto the lift, sat on the seat of the buggy, and told the operator, who was in the employ of defendant and who was in the tower located some twenty-five feet from the lift: "Take me to the roof." Plaintiff made this request because he was in a hurry to get to the roof to see how much concrete was needed to carry on the business of his employer, McShain. The operator replied that he was not going to the roof but that he would take plaintiff there and then drop the buggy back to the fourth floor for unloading. When the lift rose past the fourth floor, the buggy began to move, the platform of the lift tilted, and the buggy rolled, catching in the framework and causing plaintiff's injury by pinning him against the braces of the hoist framework.

Plaintiff testified that he had attended a safety meeting at which instructions were given that passengers were not to ride the material lifts on the job site. It was, in fact, one of plaintiff's duties to see that this regulation was carried out. Upon questioning, he testified:

"Q. But if there was anything there being done that was contrary to the regulations for safety, as put out by John McShain Company, you would certainly do something about it?

"A. That is right."

He further testified:

"Q. And you knew that at the time you got in the lift there at B wing?

"A. Not at the time, I didn't even think about it. I wanted to go to the roof.

"Q. But you knew that passengers were not allowed to ride the material lifts?

"A. I knew it, yes."

Plaintiff was an experienced construction supervisor. He had been employed by McShain for approximately four years, and had been in construction work for about sixteen years. He stated specifically that he knew it was against regulations to ride the lift and that this was a known fact to all workers on any job.

We think the judgment of the District Court must be affirmed for two reasons:

First, we believe that at most plaintiff was a bare licensee, if not a trespasser. In general, the rule states that a trespasser is "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Restatement, Torts § 329. A bare licensee is one who is on property of another, not by invitation but by mere acquiescence. As regards a claim for negligence, however, both a trespasser and a bare licensee must take the premises as he finds them, and each may re-

1. It is not disputed that plaintiff has a claim against John McShain, Inc. under the Workmen's Compensation Law, Code Md.1957, art. 101, § 1 et seq.

2. The accident having occurred in Maryland, the case is governed by the law of that state.

cover only for intentional, wanton, willful injury or for the maintenance of a hidden danger or defect. The Maryland cases follow these general rules.[3]

■ Plaintiff knew that the operator of the lift was not authorized to allow the lift to be used by unauthorized persons, as plaintiff was; he knew that the operator was without authority to allow him to ride thereon, and he knew that safety regulations laid down by his employer, McShain, were being violated by his own actions. Even assuming that the acquiescence of the operator of the lift converted plaintiff from a trespasser into the position of a bare licensee, his claim must fail.[4] Obviously, there was no willful or wanton misconduct in this case.

Even if plaintiff were a licensee by invitation, and we think he was not, he was obliged to use the instrumentality as it existed. Of course, if there is superadded some negligence on the part of the person granting the permission, a different result would ensue but here there is absolutely nothing to indicate that any further act was done by the defendant to endanger the safety of the person using the lift. Consequently, no liability could attach even if plaintiff were a licensee by invitation.

■ Secondly, it is quite clear that the assumption of risk doctrine precludes a recovery by plaintiff. While that doctrine is sometimes held to apply only to cases arising out of the master-and-servant relationship, or at least to cases involving a contract relationship, it is now quite generally held that the doctrine applies to one who deliberately exposes himself to danger. Thus the general law is stated in Le Vonas v. Acme Paper Board Co., 1944, 184 Md. 16, 23, 40 A.2d 43, 46:

"When a person undertakes work which exposes him to obvious dangers which he knew or had the opportunity to know, he must be considered as having assumed such risks, and he cannot recover for any injuries resulting therefrom."

■ Complaint is made that the wheels of the buggy were not blocked and the brakes thereof not applied; but, as plaintiff was not only on the lift but also on the seat of the buggy itself, and was the only person there, these facts were or should have been perfectly obvious to him. Here, certainly, plaintiff deliberately incurred the risk incident to the use of the lift—an instrumentality which he knew to be dangerous. From his own experience in construction work and from the fact that specific instructions had been issued against such use of the lift, he must have been aware of the danger involved and assumed the risk thereof.

It follows that the judgment must be and is

Affirmed.

WASHINGTON, Circuit Judge (concurring).

I agree that plaintiff-appellant is barred by assumption of risk. I wish, however, to draw attention to another aspect of the case. There is an increasing tendency, it would seem, for workmen who have been injured and who have received (or have been offered) Workmen's Compensation benefits by their own employers to bring suit for damages against other employers of men working on the same job site, claiming that the negligence of these others produced the plaintiff's injuries. Such suits are brought under the claimed authority of statutory provisions for recovery against "third-party" tortfeasors. Whether other employers on the same job site are third parties within the meaning of a particular Workmen's Compensation statute is a question on which courts have differed. See Larson,

3. Carroll v. Spencer, 1954, 204 Md. 387, 104 A.2d 628, 44 A.L.R.2d 1247.

4. "'Acquiescence is not invitation, and, at most, changes status of trespasser to that of bare licensee to whom property owner owes no greater duty than to a trespasser." 204 Md., at page 393, 104 A. 2d, at page 630.

Workmen's Compensation Law §§ 72.00–72.50 (1952) ; see also Maddox v. Aetna Casualty & Surety Co., 5 Cir., 1958, 259 F.2d 51; cf. Jonathan Woodner Co. v. Mather, 93 U.S.App.D.C. 234, 236, 210 F.2d 868, 870, certiorari denied 1954, 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650; Recent Case, 108 U.Pa.L.Rev. 155, 162 (1959) ; Note, 39 Va.L.Rev. 951, 958 (1953). The problem has not been definitively settled for this jurisdiction. It was not raised by the parties in this case, and we do not reach it. Furthermore, the law of Maryland rather than that of the District of Columbia governs the instant case. But some day the problem must be faced, under the law prevailing in the District of Columbia.