Matthew T. MOLITCH and Imperial
Insurance Incorporated, a corpo-
ration, Appellants,

v.

BALTIMORE & OHIO RAILROAD
COMPANY, a corporation,
Appellee.

No. 2857.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 13, 1961.

Decided Dec. 21, 1961.

Joel Savits, Washington, D. C., with
whom Samuel Barker, Washington, D. C.,
was on the brief, for appellants.

Charles G. Williamson, Jr., Washington,
D. C., with whom Laidler B. Mackall,
Washington, D. C., was on the brief, for
appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code §
11–776(b).

CAYTON, Judge.

Molitch and his insurer sued the railroad
company alleging that while Molitch's vehi-
cle was parked near a railroad track in
defendant's yard and as a result of the
sole negligence of a named railroad em-
ployee in operating a train, a box car in
said train struck and damaged plaintiff's
vehicle. Defendant filed an answer deny-
ing negligence and charging Molitch with
contributory negligence. After pre-trial
defendant moved for summary judgment
which was denied. But the trial court or-
dered as follows: *"Sua sponte,* the Court
hereby dismisses the complaint filed herein
on the ground that the same fails to state
a claim upon which relief may be granted."
Plaintiffs were given leave to file an amend-
ed complaint, but they stood on their orig-
inal complaint and noted an appeal.

We are not to consider the answer or the pre-trial order, but only the sufficiency of the complaint itself; as both sides have agreed, that is the only question for our decision.

 If the trial judge was basing his decision on the theory that the complaint did not contain sufficient recitals of specific acts of negligence, his decision was wrong. We have held that such is not a strict requirement in negligence cases and that it is sufficient to allege that a plaintiff was injured due to negligence of defendant, or his servants or employees.[1]

 If the trial judge was holding that the complaint showed plaintiff Molitch contributorily negligent as a matter of law, such holding was erroneous. This should have been treated as a question to be determined at trial, or by discovery proceedings. It could not properly have been determined from the complaint itself.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2]

We are not speculating on the strength or weakness of plaintiffs' case, or whether they can ultimately prevail. We say only, as we did in the Cox case, supra, that they are not barred by their complaint from pursuing and attempting to prove their claim.

Reversed, with instructions to set aside order of dismissal.

HOOD, Associate Judge (dissenting).

I think the trial court properly dismissed the complaint. Appellants were required to set forth in their complaint a short and plain statement of their claim showing that they were entitled to judgment, and the complaint was subject to dismissal if it failed to state a claim upon which relief could be granted. Municipal Court Civil Rules 8(a) and 12(b).

The complaint failed to show by what authority the automobile was parked on the railroad's property and thereby omitted an essential element to any claim for relief. If the automobile was parked without authority, the owner was a trespasser or at least a bare licensee; and a trespasser or bare licensee may recover only for intentional, wanton or willful injury or for the maintenance of a hidden danger or defect. Firfer v. United States, 93 U.S.App.D.C. 216, 208 F.2d 524; Smith v. John B. Kelly, Inc., 107 U.S.App.D.C. 140, 275 F.2d 169. The complaint charges the railroad with negligence only. I do not believe a claim entitling relief is made when the pleader says nothing more than: "I parked my automobile on your property and you negligently injured it."[1a]

1. Cox v. Episcopal Eye Ear and Throat Hospital, D.C.Mun.App., 134 A.2d 328.

2. Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102, 2 L.Ed.2d 80, 84. See also Francis O. Day Co. v. Shapiro, 105 U.S.

App.D.C. 392, 267 F.2d 669; Klenk v. Capital Transit Co., D.C.Mun.App., 139 A.2d 275.

1a. See 38 Am.Jur., Negligence, § 273; 65 C.J.S. Negligence § 195.