While I agree that this case must be reversed, it is my opinion that it should be reversed and a judgment entered here in favor of the appellant. The sole cause of the accident and resulting injuries to Mr. Luter were his own negligence. The majority correctly holds that he was guilty of negligence as a matter of law and I dissent from the holding that his negligence was not the sole cause of the accident and that the accident was reasonably foreseeable by the power company.
The facts reveal that the transmission line in question was constructed at the edge of the street and not on private property. The line as constructed and maintained was safe for the ordinary use of the street and adjacent property. There were no antennae conflict in this area, and insofar as the record reveals, no other accident has occurred as a result of the manner in which the line was maintained. Mr. Luter admits that he was well aware that the transmission lines were adjacent to his property. Although Mr. Luter says he does not remember putting the antenna up into the tree, he does remember that he intended to do so. The photographs in evidence show that the tree is of medium size and no higher than the mast to which the antenna was attached. It is apparent that no one unassisted could put a 29 foot mast with an antenna attached thereto up into the tree without seeing the transmission lines. While Mr. Luter had a right to put the antenna up into the tree on his own property, *Page 758 
he had no right to encroach upon the easement of the power company and place the antenna where it would come into contact with one of its transmission lines. When he chose to do so, he was negligent, and in my opinion this negligence was the sole cause of the accident and his resulting injuries.
Mr. Briggs, an expert who testified on behalf of Mr. Luter, said it was unreasonable and highly dangerous for Mr. Luter to put the antenna up into the tree so near the transmission lines, when he could have placed it a reasonable distance from the lines. In spite of this testimony the effect of the holding by the majority is that the power company should have anticipated that some person would be injured by the manner in which it maintained its transmission lines, although such person acted in a foolish and unreasonable manner. I do not believe that this could be the law of this state or any other jurisdiction. InMississippi Power Co. v. Nail, 211 So.2d 815 (Miss. 1968), we adopted the following statement from Le Vonas v. Acme PaperboardCo., 184 Md. 16, 40 A.2d 43 (1944):
 In accordance with these basic principles, the law does not require that a person, who maintains even so deadly an instrumentality as a high voltage electric wire, shall anticipate at his peril every possible fortuitous circumstance under which some person might make a contact with the wire, resulting in injury or death. * * * Electricity is now used so universally in city and country, in home and in business, for illumination and motive power, and for communication and transportation, that it is a matter of common knowledge that any line carrying electric current is dangerous to a more or less degree. The fact that a wire is charged with electric current is notice of danger, and any person mindful of his safety should treat it with caution. (211 So.2d at 820).
The majority relies on Mississippi Power Light Co. v.Shepard, 285 So.2d 725 (Miss. 1973), and other cases cited therein in support of its holding that the power company should have anticipated and guarded against unusual, exceptional and unreasonable acts. While the case before us can be readily distinguished from Shepard, the opinion states, among other things:
 "Conversely, the law is complied with when an electric or telephone company or others engaged in the transmission or use of electricity provide such a protection as will safely guard against any contingency that is reasonably to be anticipated. The extent of the duty or standard of care is measured in the terms of foreseeability of injury from the situation created. There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for the exceptional or unusual circumstances is not negligence, nor does the law require those maintaining power transmission lines to anticipate every possible fortuitous circumstance that might cause injurious contacts with those lines.
 The factor of foreseeability also enters into the question of proximate cause, which is subsequently discussed. Assuming that one engaged in the transmission or use of electricity has been negligent, such negligence cannot be said to be the proximate cause of the injury unless, under all the circumstances, the injury might have been reasonably foreseen." 26 Am.Jur.2d Electricity, Gas and Steam § 43 at 252-253 (1966).
 (Emphasis added). (285 So.2d at 733).
The events in this case were certainly not only unusual and exceptional, but they were also unreasonable and dangerous acts according to appellee's own witness and his testimony in this regard is uncontradicted. I am unable to see how it can be said that the actions of the power company were a proximate cause of the injury.
We have said many times in many cases, that a power company is not an insurer and is not required to guard against occurrences that cannot be reasonably expected or contemplated. *Page 759 
However, in this case we only give lip service to the rule and the effect of the majority holding is to make the power company an insurer. It is difficult for one to imagine a state of facts where the power company cannot be held liable where a person is injured by contact with one of the lines carrying electricity.
It was my opinion that this Court went too far in Shepard and in effect made the power company an insurer. The decision in this case leaves little, if any, doubt of that fact. In my opinion the facts of this case and the law require that a judgment be entered here for the appellant and I would so hold.
SMITH and ROBERTSON, JJ., join in this dissent.
Rehearing denied; Gillespie, C.J., and Walker, J., took no part.
Inzer, P.J., Smith and Robertson, JJ., dissented.