FRANK HETTCHEN, BY HIS NEXT FRIEND, ETC., *vs.* HENRY C. CHIPMAN.

*Negligence—Knowledge of Risks of Employment.*

Appeal from the Court of Common Pleas (HARLAN, C. J.) *Affirmed.*

This suit was brought by the appellant against the appellee to recover damages for a personal injury. At the time the occurrence happened the appellant was a lad of fourteen years of age. Some four months prior to the acci-

dent he had been employed by the appellee's foreman to gather up and pile in bins the spindles and chair legs made in the appellee's factory.   Upon three or four occasions he sawed wood on one of the circular saws located in the basement of the factory, using the saw from three to four hours each time.   It sometimes became necessary to place transverse sticks across the openings of the bins to prevent the spindles and chair legs when put there from rolling out. The foreman instructed the appellant to go into the yard and get such sticks whenever requisite, and directed him, if he found them too long, to carry them to the saw and cut them the proper length.   On the day the injury was inflicted the appellant undertook to saw one of these sticks—in fact it was a plank some three or four inches wide and an inch thick—and one of the fingers of his right hand came in contact with the saw, was badly cut and subsequently amputated.   The saw which caused the injury was not the one that the appellant had previously used ; but was a somewhat larger one with longer teeth, and was located on the floor above the basement.   The only witness who testified on the trial in the Court below was the plaintiff himself. Upon the conclusion of his testimony an instruction was granted, at the instance of the defendant, withdrawing the case from the consideration of the jury, because there was no legally sufficient evidence of negligence to warrant the jury in finding a verdict for the plaintiff.   A judgment was accordingly entered for the defendant and the plaintiff then took this appeal.

The Court said :  " The cause of action is alleged negligence.   Actionable negligence, as we have repeatedly said, is the breach of a duty that is owed to another.   If in a particular instance no duty is owed ; or, if a duty being owed has been performed then no action can be sustained even though an injury has happened.   Therefore, the very first inquiry is, what duty did the employer owe to the employee ? The duty of an employer is dependent on the circumstances.   It is consequently relative and conditional, and not unvarying and absolute.   Amongst the many condi-

tions that control it are the age of the employee and the obvious and visible character of the perils of the employment. The age of the employee is an element to be considered in determining whether there has been actionable negligence, solely because it may furnish the basis of an inference that he lacked the capacity or judgment to comprehend the dangers of the situation in which he was placed by the direction of the master. If such an inference be a legitimate one from the evidence, then negligence would be imputed to the master, because the duty of the latter is imperative not to expose a servant of immature years to a danger which he is, by reason of his youth, incapable of appreciating. But it is obvious that the inference can never be properly deduced, and, therefore, cannot be drawn by a jury, in the teeth of uncontroverted evidence showing that the employee, though of immature years, thoroughly understood and actually knew the perils of the employment. If he knew and appreciated the perils of the employment, the condition of his being placed in a situation the dangers of which he was, by reason of his youth, inferentially, incapable of discovering, does not exist; and that condition not existing, the correlative duty not to place him in a situation the peril of which he could not appreciate, does not arise; and where there is no duty there can be no breach of duty, and, therefore, there can be no negligence.

"Now, the evidence shows, and shows beyond all dispute, that the appellant fully understood the perils incident to the use of the circular saw. It is not material that these perils were not explained to him by the master. If they were not plainly visible; or if the servant had been, because of his youth, incapable of perceiving them unless explained or pointed out to him by the master; then the failure of the master to warn the servant would be a clear breach of duty, and, consequently, would be an act of negligence. But the object of a warning or caution could only be to inform the servant of the perils, which, but for the warning or caution, he would be incapable of appreciating. If with-

out such warning or caution he knows the perils just as well as though warned or cautioned, then no warning or caution is or can be required ; and if none be required, the omission to give it furnishes no cause of action. The appellant had used a circular saw sufficiently to understand the risks incident to its use ; and he distinctly testified that he knew precisely what the risks were. He was aware that if his fingers came in contact with the saw he would be injured ; and he was also aware that in using the saw it was necessary for him to keep his hands out of its reach. He was injured, not because he was ignorant of the perils of the undertaking, nor because he did not have discretion enough to avoid an injury in the use of the saw. Nor did the accident happen by reason of the failure of the master to point out the risks of the employment, because the servant knew those risks as fully without having been cautioned as though he had been especially warned. He had not been directed to use this particular saw. On the contrary, he had been told merely to go to the saw when necessary to cut the sticks of timber. There were many saws in the establishment, hand saws as well as circular saws, and young as he was he knew that unless he used care he was likely to injure himself even with a hand saw. In the face of his knowledge of the dangers that were incident to the use of the saw, we cannot say that the mere fact that he was but fourteen years of age furnished any evidence from which a jury ought to have been permitted to deduce the inference that the master had violated some duty which he owed to the servant, and had, therefore, been guilty of negligence. There was no duty owed that was disregarded and consequently the trial Court did right in withholding the case from the jury."

Opinion by McSherry, C. J., filed June 29th, 1898. Recorded in Liber J. F. F. and A. R. No. 1, folio 73, of " Opinions Unreported."

*Charles Winternitz*, for the appellant. *William L. Marbury*, for the appellee.