(109 App. Div. 621.)

STEVENS v. GAIR.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

1. MASTER AND SERVANT—DUTY TO WARN SERVANT—OBVIOUS DAMAGES.

A master was not negligent in failing to warn a girl 16 years old of the danger of open, moving, and visible cogwheels near the place where she was at work.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 314, 310, 316½.]

2. SAME—ASSUMPTION OF RISK.

A master's failure to guard cogwheels, as required by statute, does not absolve a servant from an assumption of risk, where the danger is obvious.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 545, 610–624.]

Rich, J., dissenting.

Appeal from Special Term, Kings County.

Action by Mamie Stevens, by Henry Stevens, her guardian ad litem, against Robert Gair. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, RICH, and MILLER, JJ.

Frank Verner Johnson (E. Clyde Sherwood, on the brief), for appellant.

Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

JENKS, J. The plaintiff, a servant, complained of a personal injury due to the negligence of the master, in that he omitted to protect his machinery and permitted her to do the work without informing her that it was dangerous and without instructions as to the proper manner in which it should be done. The plaintiff, 16 years old, was sorting paper caps or covers after they had been discharged onto a table from rollers which were on the table. Their gearwheels were two revolving cogwheels on and at the side of the table. The usual station of the plaintiff was at a safe distance from the machinery. She testifies that on the day in question she left her post, and under direction of a more experienced fellow servant was taking up scraps of paper from the floor and putting them in a refuse heap. She had stooped down, and after she had gathered an armful she says that in some way or other her fingers were drawn into the cogwheels. She testifies:

"I could not say whether or not, when I gathered these papers up, I leaned up against those cogwheels in any way. All I remember is, some paper had gone through and pulled my fingers through. That is all I remember."

Again she testifies:

"I got down on the floor and gathered the two arms full. I mean, by 'two arms full,' I took just as much as I could carry in my two arms, and in doing so some of the paper went through and drew my fingers through. I gathered some of the paper up in my arms, and was holding it there in my arms, and I raised myself up. I don't just exactly know how it got caught; but some paper went through, and I looked at my fingers, and my fingers was all hanging. That is all I remember. It was the paper that got caught in the wheels. How my fingers got caught I don't know myself."

In response to the question, "I want to know whether you took any care at all to keep away from the cogwheels when you were doing that," she answered:

"Well, I didn't really know the danger. To Counsel: In other words, I didn't mind whether I got close to the cogwheels or not. * * * I don't know whether I did take care or not. * * * By the Court: Q. Answer the question—did you take any care of the cogwheels? A. Well, judge, I didn't really know the danger of them, and I didn't really take care."

It is clear, however, from other parts of her testimony, that she did know the nature and function of those cogwheels, that they were in constant motion, that contact with them was dangerous, and that, if her fingers came in contact, they might be drawn into them. After marking as an exhibit the part of the machinery where her fingers were caught, she testifies:

"Those cogwheels were a part of the machine that were moving all the time. They didn't stop. I saw that, of course, as I was working there, on this table by the machine. There was no guard or protection of any kind around those cogwheels. I mean by a guard or protection a piece of covering of some kind put around the wheels. I mean by a guard or protection something that would keep my fingers away from those wheels; because, if my fingers got into the wheels, they would be pulled through and injured. * * * I knew that if I did get near enough I would get caught. * * * And I didn't go near enough to have that happen. * * * If I walked up, and put my hand on the wheel, I would get caught."

So far as the liability for noninstruction is concerned, I think that the language of Hickey v. Taaffe, 105 N. Y. 26, 37, 12 N. E. 286, 290, applies:

"Being of an age to appreciate and having full knowledge of the danger, and at the same time being competent to perform the duty demanded from her, the fact that she was a minor does not alter the general rule of law upon the subject of employés taking upon themselves the risks which are patent and incident to the employment. DeGraff v. N. Y. C., etc., R. R. CO., 76 N. Y. 125; Coombs v. New Bedford Cordage Co., 102 Mass. 572, at page 585, 3 Am. Rep. 506; Sullivan v. India Mfg. Co., 113 Mass. 396–398; King v. B. & W. R. R. Co., 9 Cush. 112."

It is true that the plaintiff had only been working upon this machine from 8 until 4 o'clock of one day. The question of previous experience or previous service is, of course, very frequently relevant and material as bearing on the fact of the knowledge of the servant. But the final question is as to the knowledge of the servant at the time he entered upon the work in which he was injured.

In Buckley v. G. P. & R. M. Co., 113 N. Y. 540, at page 544, 21 N. E. 717, at page 718, a lad of tender years had been at work from noon Saturday until the next Tuesday at 11 a. m. His foot slipped, and in saving himself he thrust his hands in the revolving cogs and was injured. The court, per Earl, J., say:

"We think it is preposterous to say that it was the duty of the employer to warn him not to put his fingers in between the cogs. It might as well be required to warn a boy 12 years old, who was working about boiling water or a hot fire, not to put his hand into the water or the fire."

And again, at page 545 of 113 N. Y., page 719 of 21 N. E.:

"All the law requires is that the minor should be properly instructed as to the danger to which he is exposed, and, if he is injured because he has not received such instruction, then, as a general rule, the employer may be held responsible. But where the minor is familiar with the machine, and its character and operation are obvious, and he is aware of and fully appreciates the danger to be apprehended from working the machine, the fact that he is a minor does not alter the general rule that the employé takes upon himself the risks which are patent and incident to the employment."

In McCarragher v. Rogers, 120 N. Y., at page 534, 24 N. E., at page 814, Bradley, J., for the court, says:

"As applied to a child, that responsibility depends upon the appreciation of danger which knowledge of the condition will necessarily give. The plaintiff knew that if his foot got into the machinery it would be injured. So far his knowledge required him to be sensible to danger. This was apparent to him. And so far as danger was known and obvious to him the boy may have been legally as responsible for his own protection as a full-grown person. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Buckley v. G., P. & R. M. Co., 113 N. Y. 540, 21 N. E. 717."

In Ogley v. Miles, 139 N. Y., at page 460, 34 N. E. 1059, where a lad of 16 was injured by contact with a buzz saw after two days' employment, the court say:

"He had operated buzz saws before he did this one; not for any length of time, but obviously and from his own testimony long enough to know the nature of the machine and the dangers attending its use. He was thus in the same position as to knowledge that he would have been in had the defendants imparted to him oral information of the dangerous character of a buzz saw. Within the cases decided in this court, the plaintiff should have been nonsuited. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Buckley v. The Gutta Percha & Rubber Manufacturing Co., 113 N. Y. 540, 21 N. E. 717, and cases cited."

In Downey v. Sawyer, 157 Mass. 418, 32 N. E. 654, the plaintiff was aged 16 years, and on the afternoon of the second day of his employment his sleeve was caught in the revolving gears.

In Hettchen v. Chipman, 87 Md. 729, 41 Atl. 65, the court say:

"Now the evidence shows, and shows beyond all dispute, that the appellant fully understood the perils incident to the use of the circular saw. It is not material that these perils were not explained to him by the master. If they were not plainly visible, or if the servant had been, because of his youth, incapable of perceiving them unless explained or pointed out to him by the master, then the failure of the master to warn the servant would be a clear breach of duty, and consequently would be an act of negligence. But the object of a warning or caution could only be to inform the servant of the perils which, but for the warning or caution, he would be incapable of appreciating. If without such warning or caution he knows the perils just as well as though warned or cautioned, then no warning or caution is or can be required; and, if none be required, the omission to give it furnishes no cause of action."

Even if the jury might properly have found that the defendant had not protected the cogwheels in obedience to the statute, the rule of Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, would apply.

I think that the judgment and order should be reversed, and a new trial should be granted.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur, except RICH, J., who dissents.