(112 App. Div. 305)

## LYNCH v. SHANLEY CO.

(Supreme Court, Appellate Division, Second Department. April 2, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—WARNING.

Where, in an action for injuries to a laundry mangle operator, she testified that she knew very well, if she did not watch out, her hand might get caught, and that it would hurt if it did get caught, she was fully apprised of all that defendant could have informed her, and hence defendant was not guilty of negligence in failing to give her proper instructions.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 308, 309.]

2. SAME—NEGLIGENCE OF FOREMAN—DETAILS OF WORK.

Where a master owed a servant no duty of instruction, the negligent direction of the foreman respecting the manner of doing the work concerned a mere detail thereof, and not a duty devolving on the master, for the omission of which the master was liable.

Appeal from Trial Term, Westchester County.

Action by Annie Lynch against the Shanley Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

George Gordon Battle, for appellant.

Marston Niles, for respondent.

MILLER, J. The plaintiff was working in defendant's laundry upon a machine called a "mangle," which contained a revolving roller, over which the linen was fed into the machine for the purpose of being dried and ironed. She was waxing the roller on the feeding side of the machine while it was in motion, and in some manner her hand was drawn into the machine, inflicting serious injury, for which she seeks to recover in this action.

Three grounds of negligence were assigned: First, the omission to provide proper machinery; second, allowing the plaintiff, alleged to have been a minor, to clean the machine while in motion, in violation of the statute; and, third, the omission to discharge the duty of properly instructing the plaintiff. No proof was offered in support of the first two assignments of negligence, and, although it is stated in respondent's brief that the answer admits that the plaintiff was a minor, this allegation was denied on information and belief, and no proof was offered in support of it. The only question respecting the defendant's negligence, submitted to the jury by the learned trial justice, was whether it omitted to discharge the duty of giving proper instructions, and the judgment must be sustained upon this ground, if at all.

The plaintiff had been at work in the laundry for some time before the accident, and had had opportunity to observe fully the operation of this machine. She testified:

"I didn't want to get my hand in, in that place. I knew very well, if I did not watch out, it might get caught. * * * I knew my hand might get caught, if I didn't look out. I did not know how badly it would be hurt,

but I knew it would hurt it if it got caught in there; and that is what I was careful about all the time. * * * Now, the linen, whenever it would be put here, would be caught by the revolving mangle, drawn down through the roller underneath, and deliver it on the receiving side; and I had seen that going on for several months, so that I knew that that machine would have the effect of drawing things in there, unless, I looked out for it."

It appears that the plaintiff was told by the foreman to observe the manner in which the other girls operated the machine, and that she cleaned it precisely as she had seen the others do; and her complaint is that she was in fact instructed to clean the machine on the involving side, which subjected her to danger, instead of on the revolving side where she would have been safe. So far as the duty of instruction which the master owed her is concerned, it appears by her own evidence that she was fully apprised of all that the master could have informed her; and, this being so, the master owed her no duty in this regard. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Stevens v. Gair, 109 App. Div. 621, 96 N. Y. Supp. 303.

The defendant was not responsible for the negligence of the foreman, except such negligence occurred in the attempted discharge of, or the omission to discharge, some duty which the master owed, because this case is not brought under the employers' liability act; and, as the master owed no duty of instruction, the negligent direction of the foreman respecting the manner of doing the work, in case there was such negligence, concerned a detail of the work, and not a duty devolved upon the master. It is therefore unnecessary to consider whether section 3 of the employers' liability act (chapter 600, p. 1750, of the Laws of 1902) is applicable to all actions for negligence between master and servant, and what effect, if any, it has upon the doctrine of assumption of risk.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.