GRACE HOLT *v.* BENJAMIN KOLKER, ET AL.

[No. 61, October Term, 1947.]

*Decided February 18, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*William Taft Feldman*, with whom was *David J. Markoff* on the brief, for the defendant.

*Foster H. Fanseen* for Benjamin Kolker.

*Roszel C. Thomsen*, with whom were *Clater W. Smith* and *Clark, Thomsen & Smith* on the brief, for Clarence Wiesner.

DELPLAINE, J., delivered the opinion of the Court.

This suit for damages was instituted by Grace M. Holt, who resided with her husband, Albert F. Holt, on the second floor of a house on Denver Street in South Baltimore. She alleged that in June, 1945, the owner of the house, Benjamin Kolker, who leased the premises to her husband, made alterations to the second-floor porch; that on July 11, 1945, the porch, as a result of its unsafe condition, precipitated her to the ground, whereby she was seriously injured; and that the collapse was caused by the lessor's negligence in making the alterations and allowing the porch to remain in an unsafe condition.

The house is a two-story brick building, but plaintiff claimed that the first floor was not fit to live in. The porch which collapsed is a wooden balcony outside the kitchen door extending to the left along the wall of an adjoining house. On the extension the tenants usually stored miscellaneous articles, and sometimes the dog

stayed there at night.  As there was no toilet in the house, and the one in the yard was not usable, the landlord promised to put one on the porch to the left of the kitchen door.  He employed Clarence Wiesner, a plumber, to do the work.  Wiesner and another man, presumably his helper, named McAllister, made two holes in the porch to run the pipes through.  They put up a large pipe above the porch, and laid a sewer pipe in a ditch under the porch.  They completed this work before the end of June.  On July 11, 1945, plaintiff came out on the porch to get her mop, which was hanging on the wall to the right of the door, i. e., to the left going out. She had walked only about three steps when the porch floor collapsed and she fell through it to the ground. She sustained multiple fractures of the ankle bones, and because of her injuries she was confined in the University Hospital until August 30, 1945.  For about one year afterwards she was unable to walk without the aid of crutches on account of deformities resulting from the fractures.

Before the case came to trial Kolker alleged, in a claim making Wiesner a third-party defendant under the Contribution Among Tortfeasors Act, Code Supp. 1943, art. 50, secs. 21-30, that Wiesner had done plumbing work on the premises as an independent contractor prior to the accident, and that he may be liable as a joint tortfeasor for the reason that he negligently removed a portion of the porch in the course of his work.  At the close of plaintiff's case the trial judge directed the jury to render a verdict in favor of both original defendant and third-party defendant.  From the judgment entered on that verdict plaintiff brought this appeal.

In the Court below plaintiff adduced the following evidence:  (1)  That the landlord agreed to install the toilet on the second-floor porch; (2) that the toilet could not be installed unless holes were made in the porch; (3) that notwithstanding that the porch was old and rickety, the landlord failed to employ a carpenter or to put any underpinning under the porch to support it;

(4) that the landlord promised that he would send a carpenter to make repairs to the porch and enclose a portion of it for the toilet, but failed to comply with his promise until after the porch collapsed three weeks later; (5) that before any work was begun plaintiff asked both defendant and third-party defendant whether she could use the porch during the progress of the work, and they both stated that it was all right and safe for her to continue using it; and (6) that she asked McAllister, while he was putting up the pipe, whether it would be safe to walk on the porch, and he replied: "Well, if it holds a man like me, it will hold a little woman like you."

On the question of the legal sufficiency of evidence of liability on the part of Kolker, defendant, the Court is equally divided, and therefore no opinion can be expressed, but the judgment must be affirmed.

In the case against Wiesner, third-party defendant, attention is focused largely upon the testimony of plaintiff as to statements made by Wiesner and McAllister to the effect that it would be safe for her to use the porch. In Maryland there can be no recovery in an action for deceit on the ground of negligent misrepresentation. *Donnelly v. Baltimore Trust & Guarantee Co.*, 102 Md. 1, 61 A. 301, following *Derry v. Peek*, L. R., 14 App. Cas. 337. But this Court has held that in an action for personal injury recovery may be had for negligent words where one relies on the statements of another who negligently volunteers an erroneous opinion, intending that it be acted upon and knowing that loss or injury are likely to follow if it is acted upon. *Virginia Dare Stores v. Schuman*, 175 Md. 287, 297, 1 A. 2d 897. In other jurisdictions there is a diversity of opinion as to the extent and grounds of liability for unintentional misrepresentation. 28 *Columbia L. Rev.* 216; 35 *Yale L. J.* 767; 81 *Univ. of Pa. L. Rev.* 435; 24 *Ill. L. Rev.* 749. In many States, notably New York, *Derry v. Peek* is not followed. However, in New York and other jurisdictions, where such liability has been broadly affirmed,

there must be such a relation that one party has the right to rely for information upon the other, and the other giving the information owes a duty to give it with care. It may be possible, as Judge Cardozo was careful to say in *Glanzer v. Shepard*, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425, that one who follows a common calling may come under a duty to another whom he serves, though a third may give the order or make the payment; but the casual response, made in mere friendliness or courtesy, may not stand on the same plane as the deliberate certificate intended to sway conduct.

In this case it is clear that the plumber was not under a duty to plaintiff growing out of any previous relation to plaintiff or the property, or for having any special knowledge as to the condition of the porch. At the most his statement before the work was begun was a mere concurrence in the landlord's statement. McAllister's statement was no more. Indeed, his statement showed the limited reason on which it was based. Our conclusion is that the alleged statements of Wiesner and McAllister were such casual expressions of opinion as plaintiff was not entitled to rely upon under the circumstances.

*Judgment affirmed, with costs.*