EVANS *v.* JOHNS HOPKINS UNIVERSITY

[No. 119, September Term, 1960.]

236

*Decided February 7, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Richard Whittington Whitlock,* with whom was *Harry Goldman, Jr.,* on the brief, for appellant.

*John H. Bolgiano,* with whom were *Clater W. Smith,* and *Smith, Somerville & Case* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

David Robert Evans (the plaintiff-appellant), while a graduate student at the Johns Hopkins University (the defendant-appellee) working towards the degree of Doctor of Philosophy, was burned over various parts of his body as a result of an explosion which occurred while he was synthesizing glucose and acetone, an extremely volatile substance, to produce monoacetone glucose, in one of the appellee's biology laboratories. He brought suit for damages against the University based upon its alleged negligence. The trial court, Warnken, J., granted the defendant's motion for summary judgment on the grounds that, as a matter of law, the plain-

tiff had assumed the risk of the accident which occurred and had been injured as a result of his own negligence.

On appeal from the resulting judgment for the defendant University, the plaintiff contends (a) that Judge Warnken erred in granting the defendant's motion for summary judgment, since he claims that this is not a proper case for the application of Maryland Rule 610 a d, in that there is present a genuine dispute as to material facts, and (b) that Judge Niles, who had previously ruled on the interrogatories, erred in not sustaining the plaintiff's exceptions to the defendant's refusal to answer certain of his interrogatories, specifically those numbered 8 through 13 and 16, which are referred to below.

The theory of the plaintiff's case is not that the defendant University was guilty of any negligence which caused the explosion and fire—indeed he says that the cause of the explosion is unknown—but that the University was negligent in not supplying the particular laboratory in which the plaintiff was working with "any ordinary or reasonable safety measures or precautions or devices necessary and proper for the purpose of quenching, controlling and extinguishing chemical explosions and fires," and that the plaintiff's injuries were proximately caused by this negligence. The plaintiff's theory of the defendant's negligence seems to be very broad—a subject to which we shall return in considering his interrogatories. However, insofar as the motion for summary judgment is concerned, despite doubt as to primary negligence, we may assume, though we do not decide, that the University was negligent in not furnishing some safety device or devices, such as a hood or a personnel shower, in the laboratory where the plaintiff usually did his work, to protect against the consequences of a possible explosion and fire resulting from the experiment or operation in which he was there engaged.

The clear and undisputed facts upon which this suit is based are stated in the plaintiff's deposition, which was taken by the defendant and which was filed in support of the latter's motion for summary judgment. The plaintiff did not file any affidavits in opposition to that motion, though a hearing was adjourned to give him an opportunity to do so. Instead, he

thereafter filed an answer to the motion which alleged in general terms, without specification, that there was a dispute as to material facts, and which otherwise consisted primarily of argument as to the meaning and effect of some of his testimony set forth in his deposition which had been filed by the defendant in support of its motion.

The essential facts which appear in the plaintiff's deposition may be rather briefly stated. The appellant, who, far from being newly initiated in laboratory work, was quite experienced therein, having worked in such laboratories both at the undergraduate and postgraduate levels, knew what devices were necessary adequately to protect himself from the effects of a laboratory explosion and fire, if any should occur. He was also cognizant of the fact that such devices were present in certain laboratories in the building in which he was working and that these laboratories were, or could be made, available to him. The appellant knew that the laboratory in which he was working did not have any safety devices, he knew that acetone is highly explosive and he chose to perform this synthesizing operation in his usual laboratory using a method which he thought would avoid an explosion and would so compensate for the lack of such equipment. His knowledge with respect to each of these factors is undisputed, as is his course of conduct in the face of that knowledge. He chose to perform this experiment or operation in his usual laboratory as a matter of his own convenience. Even in his answer to the appellee's motion for summary judgment the appellant failed to state any fact which would indicate that his claim was not subject to the defense of assumption of risk as a matter of law.

The appellant's bald general assertion in his answer to the appellee's motion for summary judgment, that "[t]here is a genuine dispute as to material facts, and the Defendant is not entitled to judgment as a matter of law," is insufficient to establish such a dispute and to prevent the granting of a motion for summary judgment. *Frush v. Brooks*, 204 Md. 315, 321, 104 A. 2d 624. As was there said, "* * * mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of

summary judgment." See also *Strickler Engineering Corp. v. Seminar,* 210 Md. 93, 100, 122 A. 2d 563, and *Nardo v. Favazza,* 206 Md. 122, 127-128, 110 A. 2d 676.

On the facts above set forth Judge Warnken's factual finding thus succinctly and accurately stated what we think is controlling: "Plaintiff, therefore, preferred convenience to safety and knowingly took the chance." We accordingly think that the plaintiff's claim is subject to the defense of assumption of risk as a matter of law. *Velte v. Nichols,* 211 Md. 353, 127 A. 2d 544; *Gordon v. Maryland State Fair,* 174 Md. 466, 199 A. 519; *Le Vonas v. Acme Paper Board Co.,* 184 Md. 16, 23, 40 A. 2d 43; Prosser, *Torts* (1955), § 55; Restatement, 4 *Torts,* § 893, esp. illustration 3, p. 494. Facts shown by the plaintiff's deposition were a proper basis for a motion for summary judgment, *White v. Friel,* 210 Md. 274, 123 A. 2d 303, and on the facts so established the defendant's motion for summary judgment was properly granted. Though this Court has recognized that the defenses of assumption of risk and of contributory negligence are closely related, it has drawn a distinction between them and either may constitute a defense, with or without the other. See for the distinction between assumption of risk and contributory negligence *Bull S. S. Lines v. Fisher,* 196 Md. 519, 525, 77 A. 2d 142, and *Warner v. Markoe,* 171 Md. 351, 359-360, 189 A. 260.

The appellant contends that the doctrine of assumption of risk is applicable only where the relation of employer and employee exists. We do not agree. Such a rule, which is recognized in some jurisdictions, does not prevail here. No such relationship existed in either *Velte v. Nichols* or *Gordon v. Md. State Fair,* both cited above. Nor did *Le Vonas v. Acme Paper Board Co., supra,* involve such a relationship. There the plaintiff was an employee of an independent contractor employed by the defendant. See also Prosser, *Torts,* § 55.

Since we hold that the plaintiff is barred by the defense of assumption of risk, we do not find it necessary to pass on the question of contributory negligence. We may remark, however, that if it was negligent for the defendant to fail to furnish safety devices in the laboratory where the plaintiff con-

ducted this synthesizing operation, it is difficult to see why it would not also be contributorily negligent for the plaintiff to do this work there when a laboratory equipped with such devices was available to him.

There remains for consideration the appellant's contention that Judge Niles erred in not sustaining his (the appellant's) exceptions to the appellee's refusal to answer his interrogatories numbered 8 through 13 and 16. The record shows that the appellant's exceptions were filed too late under Maryland Rule 417 (c), in that they were not filed until more than ten days after service of the answers. Even if they had been filed in time, we think that they were properly overruled.

Interrogatories 8-13 went far afield. They pertained to "any other explosions or fires of any kind in any of the chemical, physical or biological laboratories, or any other type of laboratory on the Homewood campus of the Defendant" occurring within five years prior to the date of the accident here involved. There was no limitation as to the nature of the operations being conducted or as to the cause of any such explosion or fire as may have occurred. The plaintiff's theory seems to be that any explosion or fire in any laboratory, no matter how caused or in how unrelated a field, shows some general negligence on the part of the defendant in not providing safety devices. A dragnet inquiry based upon such a theory goes, we think, beyond the scope of what is relevant to the suit, and hence these Interrogatories were not proper under Maryland Rule 410 a.

In addition, with regard to Interrogatories 8—13, we are unable to see how answers thereto, even if they indicated (as the plaintiff doubtless hoped they would) that there had been a number of fires and explosions, due to one cause or another, in the various laboratories mentioned, would relieve the plaintiff from the defense of the assumption of risk, on which we rest our decision. The same is true as to Interrogatory 16. Apart from the objection thereto which the plaintiff-appellant concedes to be valid—that proof of precautions after an accident does not prove negligence existing prior to the accident and contributing thereto—and considering information as to such new precautions (if, in fact, there were any) as relevant

to show that it was practicable to have corrected the conditions of which the plaintiff complains, this also has no perceptible bearing on the doctrine of assumption of risk. Therefore, even if this ruling had been erroneous (a question which we do not pass on), any error was not prejudicial to the plaintiff-appellant.

*Judgment affirmed, with costs to the appellee.*