FINKELSTEIN, Etc. *v.* VULCAN RAIL & CON-
STRUCTION COMPANY

[No. 160, September Term, 1960.]

*Decided March 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Irving B. Klitzner,* with whom were *Fred Kolodner, Hyman Ginsberg* and *Ginsberg & Ginsberg* on the brief, for the appellant.

*Norman P. Ramsey* and *James P. Garland,* with whom was *Rignal W. Baldwin* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, an electrician, was injured when in the course of installing cables for his employer, a subcontractor on the construction of the Baltimore Harbor Tunnel, he tripped over a bolt protruding two inches above the floor of a catwalk, later to be the tunnel guard's walkway, along the wall of the tunnel. He and his employer's compensation carrier sued another subcontractor, Vulcan Rail & Construction Company, which had installed the bolt, and many others like it along the catwalks of both the east and west tubes

of the tunnel. The trial judge directed a verdict at the conclusion of the case on the ground the claimant had produced no evidence of the defendant's negligence.

Vulcan was installing handrails along the catwalk in each tube for the length of the tunnel. It drilled holes in the outer edge of the floor of the catwalk at intervals of six feet and placed bolts in each in order to prevent the holes from becoming clogged with dirt or debris until the handrail could be affixed. The catwalks were cluttered with lime, plaster, ladders, wheelbarrows and dirt. The appellant had worked in the tunnel for two weeks before the accident and was fully aware of the presence of the bolts, having discussed them with his co-workers. The lighting was characterized by claimant and his witnesses as from "good" or "fair" to "very poor" but admittedly the light was adequate since a co-worker of the claimant, who was walking five or six feet behind him, saw the bolt over which claimant fell and saw his foot hit the bolt.

We think the direction of the verdict was correct. The duty owed by a subcontractor on a construction contract to the employees of other contractors on the job is similar to, and no greater than, that owed by an employer to an employee or the owner of real property to an invitee on the premises. The rule that an employer must furnish his employee a reasonably safe place in which to work is qualified in application in situations where the place of work is a construction project, because of the common and necessary hazards there to be regularly encountered. The law holds no one to a higher responsibility than the fair and reasonable standard of his trade or undertaking. *Long Co. v. State Accident Fund,* 156 Md. 639, 652. The claimant offered no probative testimony that Vulcan's method of installation was not the ordinary method customarily employed or that it was not in accord with good practice in the trade, even after the trial judge allowed him to reopen his case in order to do so.

The situation is analogous to that in *Morrison v. Suburban Trust Co.,* 213 Md. 64, 66, where the operator of a commercial garage was held not guilty of primary negligence because

an invitee, fully familiar with the garage, fell over a jack handle lying on the floor of the garage. We said there: "Ordinary care in the conduct of a garage does not require that the floor area used in the day-by-day operations be free of jack handles which, in the nature of the business, must constantly be used or, if it is not, that a warning of their presence must be given a visitor." The opinion pointed out the possessor of land is liable to harm to an invitee only if he realizes that a potentially dangerous condition of which he is or should be aware constitutes an unreasonable risk to the invitee, has reason to believe the invitee will not discover or realize the risk and fails to warn the invitee. In considering whether the invitee will discover and realize the risk, the owner is entitled to assume that he will act as would a reasonable man.

The things that absolve the employer or the owner of land from primary negligence often are the very things, in converse, that cause the employee or invitee to have assumed the risk. "It is true that in general an employer is bound to furnish his employee with a reasonably safe place in which to work. But in the erection and construction of buildings this rule can have but a limited application; for it most often happens that the dangers of such work are open and obvious, and hence that the risk of accident is assumed by the employee. * * * This is especially true where the danger to which the employee is exposed is merely transitory, due to no fault of plan or construction * * *." *Decatur v. Tompkins Co.,* 25 F. 2d 526 (Ct. App. D. C.), as quoted in *Long v. State Accident Fund, supra,* at page 651 of 156 Md. To the same effect are *Westinghouse Electric & Mfg. Co. v. Monroe,* 129 Md. 59, 62; *Gans Salvage Co. v. Byrnes,* 102 Md. 230, 244, 248; *Le Vonas v. Acme Paper Board Co.,* 184 Md. 16, 23; *Evans v. Johns Hopkins University,* 224 Md. 234.

In the case before us, on each side of the coin is stamped "no liability." There was no primary negligence and, if such negligence be assumed, the claimant assumed the risk.

*Judgment affirmed, with costs.*