BURKE *v.* WILLIAMS, ET UX.

[No. 426, September Term, 1965.]

*Decided October 13, 1966.*

156

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Henry E. Weil* for appellant.

*Melvin D. Hill,* with whom were *West & Venables* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

In this action to recover damages for the injuries Rannie Alvin Burke sustained when he fell into an excavation under a board walkway leading into the partially constructed house that James E. Williams, a general contractor, was building for himself and wife in Oxon Hill, the Circuit Court for Prince George's County directed a verdict for the defendants at the conclusion of the case for the plaintiff. The granting of the motion, from which the appeal was taken, was based on the premise that the plaintiff failed to show that the defendants were guilty of primary negligence, and, assuming a showing of negligence, that the plaintiff was contributorily negligent or had voluntarily assumed a known risk.

The facts are not in controversy. The accident occurred while the plaintiff was making a delivery of kitchen sink tops. The only entrance to the house was over a walkway made by fastening two ten or twelve foot boards at both ends, side by side an inch apart and on an incline of about thirty degrees. On arriving at the house, the owner, because there was no other way to enter, informed the plaintiff and his brother, who was helping him, that they would have to carry the sink tops up the boards through the carport to the kitchen. The largest top was carried in first by both men. Thereafter, the brother went back and took in a smaller top alone. Subsequently, as the plaintiff

came out of the house to get another smaller top and the delivery ticket, he slipped and fell into the excavation and was injured. Upon getting out, he took the remaining top into the house and obtained the signature of the owner on the delivery ticket. At the trial, there was testimony to the effect that the boards, though previously cleared of snow which had fallen several days before, were slippery because of mud and slush from melting snow, as well as testimony that the boards had a tendency to give and bob up and down when stepped on, but there was no showing that the boards were broken or had slipped or were otherwise defective. Nor did the plaintiff complain about the condition of the walkway at any time. There was also other evidence to the effect that the means provided by the owners for entering a house under construction was the one commonly used by other contractors and was considered proper.

On appeal, the appellant contends that there was sufficient evidence of primary negligence to take the case to the jury and that he had neither contributed to the accident nor assumed the risk of being injured. The appellees, on the other hand, besides claiming that no primary negligence was shown, argued that the plaintiff was guilty of contributory negligence or assumption of risk.

As we see it, it is not necessary for us to decide whether or not the case should have been submitted to the jury on the issue of primary negligence for even assuming there was primary negligence, it is clear that the appellant was not entitled to recover damages under the facts presented.

While the doctrines of assumed risk and contributory negligence are similar in scope, they are not the same in that an assumed risk implies an intentional exposure to a known danger which may or may not be true of contributory negligence. *People's Drug Stores v. Windham,* 178 Md. 172, 12 A. 2d 532 (1940). Also see *Baltimore County v. State use of Keenan,* 232 Md. 350, 193 A. 2d 30 (1963). We think the plaintiff in this case voluntarily assumed the risk of being injured. The rule is that when a plaintiff in a personal injury action becomes aware of a previously created risk and voluntarily chooses to put up with the situation—where as here a workman confronted with a slippery walkway nevertheless chose to use it—then his will-

ingness to take a chance is implied and he would be barred from recovering for a risk he chose to assume. See Prosser, *Torts* (1964 Ed.) Sec. 67; Restatement (Second), *Torts* Sec. 496.

In cases such as this one, where the facts are not in dispute and the plaintiff intentionally and voluntarily exposed himself to a known danger, we have sustained the granting of a summary judgment or the direction of a verdict. See *Evans v. Johns Hopkins University*, 224 Md. 234, 167 A. 2d 591 (1961) and *Finkelstein v. Vulcan Rail Co.*, 224 Md. 439, 168 A. 2d 393 (1961). The *Finkelstein* case, which also involved an accident at a construction site, is particularly apposite here. There, after pointing out that the dangers at a construction site are more apt to be obvious than in other areas and that it is quite usual to find workmen voluntarily assuming known risks in the performance of their tasks, it was held that there was no primary negligence, and, that if such negligence be assumed, the plaintiff assumed the risk. See also *Velte v. Nichols*, 211 Md. 353, 127 A. 2d 544 (1956), where it was held that a business invitee, who used a ladder to examine Christmas trees in a truck without testing its stability, had assumed the risk of the ladder slipping on ice in the street under it.

The appellant argues, however, that if he assumed the risk, it was not voluntary in that the appellees provided him with only one means of ingress and egress to and from the house and that the economic necessity of keeping his job and not being discharged for failure to deliver the sink tops forced him to involuntarily assume the risk of crossing the slippery walkway. The contention is clearly without merit because there is no evidence that the owners of the house, or anyone else, ever demanded that the appellant use the walkway against his will. Nor is there any evidence that his job would have been in jeopardy had he left the sink tops on the construction site instead of taking them into the house.

On the facts presented, we hold that the direction of a verdict in favor of the defendants was proper.

*Judgment affirmed; appellant to pay the costs.*