## AURELIO P. BENEDETTO *v.* BALTIMORE GAS AND ELECTRIC COMPANY

[No. 418, September Term, 1975.]

*Decided January 30, 1976.*

The cause was argued before MOORE, LOWE and MELVIN, JJ.

*Weldon Leroy Maddox* for appellant.

*Stephen J. Rosasco,* with whom was *James A. Biddison, Jr.,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

The issues which we are here requested to decide are whether the failure to file a deposition precludes the use of excerpts from the deposition in support of a motion for summary judgment; and whether the trial court, after being presented with such excerpts, properly granted summary judgment under the doctrine of assumption of risk.

On March 20, 1974, appellant, Aurelio P. Benedetto, brought an action in the Superior Court of Baltimore City against appellee, the Baltimore Gas & Electric Company. He alleged that he sustained personal injuries caused by appellee's negligence on October 22, 1971, when he fell while crossing "a small alley which joins with Charles Street," near Lombard Street. Appellee had placed planks over mud and debris in the alley and appellant fell as he stepped on one of them.

Appellee filed a general issue plea and pleaded specially that appellant had been negligent and/or had assumed the risk of injury by stepping on the plank. Appellee thereafter took Mr. Benedetto's deposition on May 20, 1974 and moved for summary judgment on November 14, 1974. Appended to appellee's memorandum as exhibits in support of the motion were photo-copies of the following pages of appellant's deposition, each of which (except sequential pages) was accompanied by the title page of the deposition showing the date, time and place, appearances of counsel and identity of the Notary Public and Reporter: pages 29-30, 35, 36, 27, 17, 18-19, 40, 15. These represented eight separate portions of appellant's deposition urged upon the court as supporting the grant of summary judgment. The testimony included the following subject matter:

(a) That appellant observed a "whole lot" of people cross the same boards just in front of him, none of whom fell;

(b) That appellant himself had safely walked across the planks "at least 20 times before" and as recently as that very morning;

(c) That appellant could not say "for sure if the plank tilted or slipped or I slipped on the plank";

(d) That, although it might not have been as convenient, he could have gone another way;

(e) That there "might have been a certain amount of caution on my part stepping off onto a board .... I hesitated."

On December 31, 1974 appellant filed a memorandum in opposition. In it he stated that the deposition "is not even before the Court at this time. Even if plaintiff's testimony is as described by the defendant, *which the plaintiff vehemently denies,* no case need be decided solely on the basis of a litigant's testimony." (Emphasis added.) Appellant himself made no answering affidavit. An affidavit of a witness, Thomas M. Rush, was filed, however, on February 7, 1975.

I

Appellant does not contend that his deposition was improperly or irregularly taken. Without adverting to any of the Maryland rules pertaining to Depositions and Discovery, it is vehemently argued that the excerpts from his deposition were not "properly and legally" before the court below because the record did not contain his complete deposition, either the original or a copy. By the same token, the record before this Court, it is suggested, is deficient.

There is, to be sure, an applicable rule of procedure pertaining to the filing of depositions. Maryland Rule 411 b 2 makes it mandatory that a deposition be filed promptly, in the absence of a contrary stipulation. It provides, in pertinent part, that

> "unless the parties otherwise agree [the officer] *shall promptly file* [the deposition] with the court in which the action is pending *or send it by registered mail to the clerk thereof for filing. . . .*"
> (Emphasis added.)

This rule is not, however, of a self-executing nature and if

the deposition is *not* filed, there occurs an "error or irregularity" which, under Md. Rule 412 d, is waived in the absence of a timely motion to suppress. Rule 412 is designated "Error and Irregularity in Deposition" and subsection d reads as follows:

"d. *As to Completion and Return of Deposition. An error or irregularity in the manner in which* the testimony is transcribed or *the deposition is* prepared, signed, certified, sealed, endorsed, transmitted, *filed,* or otherwise dealt with by the officer *is waived unless a motion to suppress* the deposition or some part thereof *is made with reasonable promptness* after such defect is, or with due diligence might have been, ascertained." (Emphasis added.)

Here, appellant made no motion to suppress and, therefore, any "error or irregularity" of which he complains has been waived.

At all events, we are constrained to venture two observations: First, a motion to suppress, had it been made, would have been unavailing. This deposition was appellant's own, and both he and his counsel were fully aware of its contents. As the United States Court of Appeals for the Sixth Circuit stated in *Mc Vay v. Cincinnati Union Terminal Co.,* 416 F. 2d 853, 856 (1969) under circumstances not dissimilar to those which confront us here and with reference to F. R. Civ. P. 30 (f), which is virtually the same as Maryland Rule 411 b 2, *supra:*

"While appellant relies on the absence of prompt certification and filing under Rule 30 (f) . . . *the failure of such prompt certification and filing should be of no controlling importance when the counsel for the party taking the deposition is fully aware of its contents.* The failure promptly to file is harmless where the adverse party saw the deposition prior to trial. *The knowledge of the contents of the deposition,* when the objecting party

had the deposition in his file and elected not to permit it to be certified or filed, *nullifies the requirement of prompt filing under Rule 30 (f); . . ."* (Emphasis added.)

Second, appellant was afforded a full opportunity to file opposing affidavits by order of Judge Murphy on January 7, 1975. He utterly failed, however, to make any attempt or request, *see* Md. Rule 413 a 4, to include any additional parts of his deposition which would support his opposition or "which ought in fairness to be considered with the part introduced." Obviously, he cannot be heard to complain that his testimony was not "as described by the [appellee]."

## II

As to appellant's contention that the entry of summary judgment below was erroneous, we are not persuaded that any material fact was in dispute and we do not find error in Judge Murphy's application of the law. Appellant argues that, notwithstanding his statement in the deposition that he could have taken another route across the alley, a dispute of fact arises out of the affidavit of Thomas M. Rush, Jr., who stated that "[t]he only way to go across the street was to walk on the boards."

Assuming, *arguendo,* that Mr. Rush's statement could be used by appellant to create a dispute, it would not be a "genuine dispute as to [a] material fact" under Maryland Rule 610. *Burke v. Williams,* 244 Md. 154, 223 A. 2d 187 (1966). In *Burke,* the plaintiff was delivering sink tops to a house then under construction. The only route by which the house could be entered was an inclined ramp made of two ten or twelve foot boards which crossed an excavation. Upon leaving the house the plaintiff slipped and fell off the walkway which was slippery with mud and slush caused by melting snow. The trial court directed a verdict for defendant homeowners on grounds similar to those assigned by the trial court to its award of summary judgment in the instant case.

Judge Horney, for the Court of Appeals, stated:

> "On appeal, the appellant contends that there was sufficient evidence of primary negligence to take the case to the jury and that he had neither contributed to the accident nor assumed the risk of being injured. The appellees, on the other hand, besides claiming that no primary negligence was shown, argued that the plaintiff was guilty of contributory negligence or assumption of risk.

> As we see it, it is not necessary for us to decide whether or not the case should have been submitted to the jury on the issue of primary negligence for even assuming there was primary negligence, it is clear that the appellant was not entitled to recover damages under the facts presented. [1]

> While the doctrines of assumed risk and contributory negligence are similar in scope, they are not the same in that an assumed risk implies an intentional exposure to a known danger which may or may not be true of contributory negligence. *People's Drug Stores v. Windham*, 178 Md. 172, 12 A. 2d 532 (1940). Also see *Baltimore County v. State use of Keenan*, 232 Md. 350, 193 A. 2d 30 (1963). We think the plaintiff in this case voluntarily assumed the risk of being injured. *The rule is that when a plaintiff in a personal injury action becomes aware of a previously created risk and voluntarily chooses to put up with the situation — where as here a workman confronted with a slippery walkway nevertheless chose to use it — then his willingness to take a chance is implied and he would be barred from recovering for a risk he chose to assume.* See Prosser, *Torts* (1964 Ed.) Sec. 67; Restatement (Second), *Torts* Sec. 496.

---

1. In the instant case, Judge Murphy wrote: "Plaintiff makes no allegations sufficient to make out a case of primary negligence as to the Defendant. Even if primary negligence of the Defendant is conceded, the law of Maryland would bar recovery by the Plaintiff on the theory of assumption of risk."

In cases such as this one, where the facts are not in dispute and the plaintiff intentionally and voluntarily exposed himself to a known danger, we have sustained the granting of a summary judgment or the direction of a verdict. See *Evans v. Johns Hopkins University*, 224 Md. 234, 167 A. 2d 591 (1961) and *Finkelstein v. Vulcan Rail Co.*, 224 Md. 439, 168 A. 2d 393 (1961).

\* \* \*

The *appellant argues, however, that if he assumed the risk, it was not voluntary in that the appellees provided him with only one means of ingress and egress* to and from the house and that the economic necessity of keeping his job and not being discharged for failure to deliver the sink tops forced him to involuntarily assume the risk of crossing the slippery walkway. *The contention is clearly without merit because there is no evidence that the owners of the house, or anyone else, ever demanded that the appellant use the walkway against his will.*" 244 Md. at 157-8. (Emphasis added.)

*See, also, Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 222 A. 2d 836 (1966); *Duross v. Mayor & City Council of Baltimore*, 136 Md. 56, 110 A. 98 (1920); *Berzups v. H. G. Smithy Co.*, 22 Md. App. 157, 321 A. 2d 801 (1974).

In the instant case, where appellant could not legitimately argue that it was economically necessary that he cross the alley on the planks, it is clear that whether or not he had a selection of routes is immaterial. Even had he no options, as Rush's statement suggests, his behavior in choosing to walk on the boards amounts to assumption of the risk as did plaintiff's behavior in *Burke, supra.* He assumed the risk by walking on the plank walkway, whether or not there was another means available.

With regard to the distinction between contributory

negligence and assumption of the risk,[2] the trial court here properly assigned appellant's conduct to the latter category since appellant, while denying at one point in his deposition that he perceived any risk, went on to state that "there might have been a certain amount of caution on my part stepping off onto a board .... I hesitated." He thus indicated that he was aware of the danger in the route which he followed and the court properly concluded that recovery was barred by his assumption of the risk. The case was properly decided pursuant to Maryland Rule 610. As the Court of Appeals stated in *Chalmers v. Willis*, 247 Md. 379, 385, 231 A. 2d 70 (1967):

> "As in the case of contributory negligence, when the undisputed facts permit only one reasonable conclusion, we have approved the granting of a summary judgment or the direction of a verdict because we found, as a matter of law, that the plaintiff had assumed the particular risk."

*Judgment affirmed; costs to be paid by appellant.*

---

**2.** *See,* Sacks v. Pleasant, 253 Md. 40, 251 A. 2d 858 (1969). *Cf.,* Maryland Sales & Service Corp. v. Howell, 19 Md. App. 352, 311 A. 2d 432 (1973).