## SAV-A-STOP SERVICES, INCORPORATED *v.* RICHARD ALAN LEONARD

[No. 284, September Term, 1979.]

*Decided February 6, 1980.*

The cause was argued before MOYLAN, MACDANIEL and WEANT, JJ.

*M. King Hill, Jr.,* with whom were *Jon H. Grube, James P. O'Sullivan* and *Smith, Somerville & Case* on the brief, for appellant.

*Thomas Sisk,* with whom were *Elise Davis* and *Rasin & Sisk* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

This case presents the issue of whether, under the facts, an employer is liable for indemnification to an employee who has caused injuries to, and has subsequently been sued by, a co-employee.

Richard Alan Leonard, the appellee, was employed by the appellant Sav-A-Stop Services, Incorporated, which was engaged in the business of maintaining and servicing retail sales outlets. Leonard's duties were to call on these sales outlets, and, as part of his employment, he was required to drive a truck furnished by Sav-A-Stop. In the course of his employment, Leonard occasionally transported fellow employees in the company truck.

On September 3, 1975, the truck driven by Leonard was involved in an accident in Anne Arundel County, Maryland. Leonard's immediate supervisor, Carlton Rayhill Weikel, was a passenger in the truck, and he was killed as a result of injuries sustained. Both Leonard and Weikel were acting in the course of their employment for Sav-A-Stop at the time. Leonard and Weikel's widow were both awarded compensation by the Maryland Workmen's Compensation Commission, and the claims were paid under Sav-A-Stop's workmen's compensation insurance policy. Subsequently, Mrs. Weikel and her children brought a wrongful death action against Leonard in the Circuit Court for Anne Arundel County. They alleged that Leonard's negligent driving caused Weikel's death.

After the Weikels filed suit, Leonard filed this declaratory judgment action against Sav-A-Stop and others, seeking, in pertinent part, a declaration that Sav-A-Stop be required to defend Leonard in the wrongful death action and to pay any judgment entered against Leonard. The bases alleged by Leonard for Sav-A-Stop's liability were equitable estoppel, negligence and negligent misrepresentation.

The liability insurance policies of Sav-A-Stop excluded indemnity coverage for any employee with respect to claims asserted against that employee by a co-employee for injuries sustained while both were engaged in the course of their employment. On June 19, 1978, the trial court granted summary judgment in favor of Sav-A-Stop's insurance

carriers, holding that the insurance policies excluded coverage for Leonard with respect to the present claim. The trial court refused to rule that the "co-employee exclusion" was a violation of public policy.

Trial against Sav-A-Stop proceeded on July 13, 1978. The evidence in the court below showed that at no time did Sav-A-Stop advise Leonard about the above automobile liability exclusions, nor did Leonard ever inquire as to the extent of the company liability insurance coverage. In response to questions on his employment application, Leonard had indicated that he owned a car and that he had automobile liability insurance. After he began working, Leonard sold his car and cancelled his insurance. He did not so inform Sav-A-Stop. Leonard testified that his supervisor had told him that he was allowed to take the truck home at night.

In its Memorandum and Order, dated December 6, 1978, the trial court found that Sav-A-Stop was required to defend and indemnify Leonard on the grounds of equitable estoppel, negligence and negligent misrepresentation. With respect to equitable estoppel, the court said:

> ". . . the Court finds that the silence of the employer who knew or should have known of the [automobile liability] exclusions, is an unconscionable omission sufficient to give rise to an estoppel. The Court finds this to be especially true in the situation where the employee has been placed in the position by the employer. . . . [T]he intent to permit him to be exposed to the danger can be inferred from the knowledge imputed to the employer of the exclusions and of Leonard's practice of driving with fellow employees as passengers. Leonard testified that he would not have driven the vehicle but for the belief that he was covered by insurance, thus relying on the silence of the employer in not obtaining his own coverage." [1]

---

**1.** We note that nowhere in the Record Extract is there any indication that Leonard testified that he would not have driven the Sav-A-Stop truck but for the belief that he was covered by insurance with respect to injuries to co-employees.

Later the court said,

> "It is argued that his representation that he had automobile liability insurance excused the company from the obligation of advising him of the exclusion. However, neither the document itself nor the testimony suggests any efforts on the part of the employer to determine whether Leonard's personal automobile liability policy even covered the use of a company vehicle in the course of employment."

The trial court also found that Sav-A-Stop was negligent in failing to advise Leonard that claims of co-employees were excluded under its policy. Citing *Bauman v. Woodfield,* 244 Md. 207 (1965), the judge said:

> "An employer has a duty to provide reasonably safe working conditions for his employees and to warn of dangers which are known to him and cannot be discovered by the employee in the exercise of reasonable diligence. *Id.* at p. 216. As noted above, the Court considers the risk to the employee's financial well-being which accompanies driving with a passenger whose injuries would not be covered by insurance as a 'danger.'"

In reviewing the facts, the judge added:

> "Neither is there any indication on the [employment application] form to put the employee on notice that he was to rely on his own insurance policy rather than that purchased for the vehicle. Without such an indication, the Court can find no duty on the part of Leonard to report cancellation of the policy to his employer nor any failure to take reasonable precautions for his own safety in not so doing."

The trial court also found that Sav-A-Stop was guilty of negligent misrepresentation because it ". . . impliedly represented that [the truck] was adequately insured for the purpose for which it would be used."

On appeal, Sav-A-Stop contends that the appellee cannot recover under the theories of equitable estoppel, negligence or negligent misrepresentation because, it argues, no duty to the appellee on the part of Sav-A-Stop was breached. We agree.

We note, first, that the question of coverage under Sav-A-Stop's liability insurance policies has not been raised on appeal and, therefore, is not in issue. In addition, the evidence introduced at trial is very neutral. All that it shows is that neither Sav-A-Stop nor Leonard did anything to insure automobile insurance coverage for claims against Leonard as a result of any injuries negligently caused by him to co-employees while acting within the scope of his employment. Neither Sav-A-Stop nor Leonard had, or attempted to obtain, specific knowledge about the existence or contents of the other's insurance policy or policies. At issue in this case, then, is whether Sav-A-Stop is liable to Leonard simply for failing either to make certain that Leonard had provided his own insurance coverage for claims against him by co-employees or to warn Leonard that such a situation was not covered under the Sav-A-Stop insurance policies.

An action against Sav-A-Stop for negligence must be based upon the breach of an affirmative duty on the part of Sav-A-Stop to take some action with respect to the appellee, Leonard. In *Bauman v. Woodfield,* 244 Md. at 216, the Court of Appeals said:

> "It is axiomatic that actionable negligence is the breach of a duty that is owed to another. If no duty is owed, then no action can be sustained even though an injury has occurred. *Hettchen v. Chipman,* 87 Md. 729, 41 Atl. 65."

The Court of Appeals continued:

> "In order that an act or omission may be regarded as negligent, the *person accused of negligence must have known or should have known that danger was involved* in such act or omission or that the instrumentality or property causing the injury was

in some way defective or dangerous. *Adams v. Carey,* 172 Md. 173, 190 Atl. 815." (Emphasis added.) 244 Md. at 216.

*See also Texas Company v. Pecora,* 208 Md. 281, 295 (1955).

Similarly, with respect to the tort of negligent misrepresentation, this Court said in *Local 75 U. Furn. Workers v. Regiec,* 19 Md. App. 406, 411 (1973), quoting from *Holt v. Kolker,* 189 Md. 636, 639 (1948):

" '... there must be such a relation that one party has the right to rely for information upon the other, and the other giving the information owes a *duty* to give it with care.' " (Emphasis added.)

Even under the doctrine of equitable estoppel a duty on the part of the defendant must be shown. Thus, in *Impala Platinum v. Impala Sales,* 283 Md. 296, 323 (1978), the Court of Appeals said:

"Mere silence will generally not raise an estoppel against a silent party. *See Mohr v. Universal C.I.T. Corp.,* 216 Md. 197, 205, 140 A.2d 49 (1958) and cases therein cited. '[T]he doctrine is only applicable when there is a duty imposed upon the party remaining silent to speak....' *Mason v. Dulaney,* 144 Md. 108, 114, 124 A. 390 (1923)."

*See also Bean v. Steuart Petroleum,* 244 Md. 459, 465-67 (1966).

With respect to the various duties arising in an employer-employee situation, the Court of Appeals said in *Bauman v. Woodfield, supra* at 216:

"It is the general rule that the servant holds himself out as being capable of doing the work he undertakes to do, and that he assumes the risk incident to the employment. *Hockaday v. Schloer,* 125 Md. 677, 94 Atl. 526; *Crown Cork Co. v. O'Leary,* 108 Md. 463, 69 Atl. 1068; *Buttner v. Steel Car Co.,* 101 Md. 168, 60 Atl. 597. However, it is the affirmative duty of an employer in a master-servant

relationship to provide his employee with a reasonably safe place in which to work and to warn and instruct his employee concerning the dangers of the work known to him which are not obvious and can not be discovered by the exercise of reasonable care by the employee."

The duty of an employer to an employee clearly does not extend to protecting the employee from *all* possible work-related dangers. As this Court, referring to the relationship between contractors or employers and their employees, said in *Maryland Sales & Serv. Corp. v. Howell,* 19 Md. App. 352, 357 (1973),

"Although *he is not an insurer of their safety,* he must exercise due care to provide for the protection and safety of those employees. *Finkelstein v. Vulcan Rail Co.,* 224 Md. 439, 168 A.2d 393. This includes the duty to warn employees of any unreasonable risk which is either known to the subcontractor or that could have been discovered by reasonable inspection. There is no duty, however, to warn of dangers which are so apparent and obvious that an employee acting as a reasonable man could have discovered them. *Le Vonas v. Acme Paper Board Co.,* 184 Md. 16, 40 A.2d 43." (Emphasis added.)

In *Le Vonas v. Acme Paper Board Co., supra* at 20, the Court of Appeals also said:

". . . an employee, in examining his surroundings, must use reasonable care to take notice of any obvious dangers; and, in performing his work, he must keep in mind the ordinary operation of familiar laws and govern himself accordingly. *If he fails to do so, the risk is his own.*" (Emphasis added.)

It is clear from the above cases that, absent special circumstances,[2] there is no duty for an employer to warn an

2. In Bauman v. Woodfield, *supra* at 216, the Court of Appeals said: "The duty to warn or instruct depends upon the age, understanding, and experience of the employee and upon the nature of the work. Where the employee, by reason of his youthfulness or inexperience, is unable to

employee against that employee's own negligence. Similarly, there is no duty to warn the employee that no insurance coverage is provided for his own negligence. The risk of one's own negligence does not shift to others by the mere fact of having obtained employment. *See* 56 C.J.S., *Master and Servant,* § 183 and the cases cited therein.

We hold that to require an employer to advise an employee concerning the exclusion of company automobile liability insurance coverage for injuries negligently caused by that employee to another employee, even within the scope of employment, would be, in effect, to require the employer to foresee, and guard against, the employee's negligence. This is clearly contrary to the above law, and we see no basis for the extension of any negligence theory, including negligence, negligent misrepresentation or equitable estoppel, to cover the situation where the employee negligence involved is in the operation of an automobile.

In addition, in the State of Maryland, the equitable estoppel doctrine can only be used as a defense to a cause of action or to avoid a defense, but not as the basis for an affirmative cause of action. *See Impala Platinum v. Impala Sales, supra* at 322-23; *United States v. Maryland Casualty Co.,* 38 F. Supp. 479, 484 (D. Md. 1941). In the present case, the appellee attempted to use the doctrine as the basis for affirmative relief, and, therefore, for this additional reason, the trial judge erred in granting relief to the appellee based on the doctrine of equitable estoppel.

We hold, therefore, that the appellee was not entitled to be defended or indemnified by Sav-A-Stop with respect to the claim against him by the Weikel family.

*Decree reversed.*
*Costs to be paid by appellee.*

---

comprehend the dangers of the work or where the dangers are of such a nature as to give reasonable grounds for believing that they are not known to such employee or would not be discovered after a reasonable time, and they are actually or constructively known to the employer, the failure of the employer to warn the employee is a breach of his duty."