PATRICIA ANN BERNIER, PRO AMI
*vs.*
CHARLES BOURNAKEL

Androscoggin.   Opinion, January 24, 1957.

*Frederick Keamy,*
*Robert F. Powers,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J.   On exception to an order directing a verdict for the defendant.

The plaintiff is the daughter of one George F. Bernier and at the time she received the injuries complained of in this

action she was four years and three months old. The family consisted of the father, the mother, the plaintiff and a younger child. The father was a tenant of the defendant and occupied one of the rear apartments in a building owned by the defendant. Two of the apartments were in the front part of the building and two in the rear. Entrance to the front apartments was gained by a door which opened on the street and the entrance to the rear apartments was by another door.

The defendant, with his wife, occupied an apartment in the front and on the ground floor of this building. The plaintiff and her family had occupied their apartment approximately 2½ years prior to the third day of July, 1955. It appears from the evidence that during this time the plaintiff visited the defendant's apartment quite frequently, either socially, or, as has been said, to run errands for the defendant's wife, who was a cripple.

Entrance from the outside to the defendant's apartment opened in a hall about 5 x 8 feet in size. The door leading from the outside to this hall was a large door consisting mostly of glass.

It is admitted by the plaintiff's father that the hall was kept in good repair and well lighted. A scatter rug was kept in front of the outside door in the hall.

The plaintiff's father called on the defendant frequently to pay his rent or for other reasons, and he testified that the premises were always kept in good condition other than the fact that prior to July 3, 1955 he had on occasions found this rug to be sometimes wrinkled.

On the day in question and late in the morning, he called on the defendant to pay his rent and while there the plaintiff came on the premises and left before her father had terminated his business. His first knowledge that the plaintiff had suffered injuries was when he heard a crash and the plaintiff crying.

The father testified that on this morning he took no notice of the condition in the hall and as far as he could observe the situation was the same as he had seen it before.

The child, although of very tender age, was allowed to testify and her testimony, as to liability, is limited to a statement that she slipped on the rug as she was walking through the hall toward the front door.

There is absolutely no other evidence in the case to show that the rug was wrinkled on this morning or that there was anything about the situation in the hall from which negligence could be charged to the defendant.

While there is evidence of the wrinkling of the rug, prior to July 3, 1955, there is nothing whatever to indicate its condition on this day when the plaintiff entered and left the defendant's premises.

The keeping of a rug, as in this case, is not *per se* negligence on the part of the occupant or owner of the premises. It is common practice to keep such a rug close to a door leading immediately from the outside. What caused the plaintiff to slip does not appear in the evidence nor can negligence be inferred for such a situation. Conjecture and guess cannot be indulged in to fix liability in this case or any other case.

The plaintiff frequently visited the defendant's premises and prior to receiving the injuries had experienced no trouble nor difficulty in going to and from the defendant's apartment, through the hall and on the rug in question.

The parties indulge in much discussion as to the status of the plaintiff; one side advancing the theory that the plaintiff was a guest and the other that she was a mere licensee. It is not necessary for us to pass on this question.

If the plaintiff was a licensee as said by our court in *Kidder* v. *Sadler*, 117 Me. 194,

"..... the defendant owed the plaintiff no duty except the negative one not to wantonly injure him, nor wantonly and recklessly expose him to danger."

In the case of an invitee, the rule is that of reasonable care on the part of the owner. In *Miller* v. *Hooper,* 119 Me., at page 529, the court there said,

"We conceive the true rule to be that the owner must exercise due care to keep in reasonably safe repair, stairways and passage ways which remain under his own control."

There is not the least bit of evidence that the defendant violated his duty toward the plaintiff whether her role was that of licensee or guest.

*Exception overruled.*