## HENSLEY *v.* PIRZCHALSKI

[No. 114, October Term, 1956.]

*Decided March 7, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Alexander Stark* for the appellant.

*Thomas G. Andrew,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

A good Samaritan, injured while pushing a stalled automobile to start it, feels that the trial court treated him shabbily in directing a verdict at the end of his case against the owner of the car. We agree with the court below that reasonable minds would not unite in finding that the defendant violated any duty owed the plaintiff.

At the request of a mutual friend, the appellant Hensley drove the appellee, Pirzchalski, to where the latter owner's car was standing on a Baltimore street with its battery dead. The car was parallel with the curb, facing up a slight grade. About six or eight feet downgrade from the rear of the car was an alley, the entrance to which flared at its juncture with the street so that the entrance was wider than the body of the alley. Pirzchalski went to the driver's side, opened the door and took hold of the steering wheel with one hand. Hensley went to the front of the car, grasped the underside of the bumper with his knuckles toward the ground, put his upper arms and shoulders against the grill, turned his head to the left facing the pavement, and pushed with a lifting effort. The car went slowly downgrade for six or eight feet, and then Hensley says: "* * * the front of the car wheeled out in the street from the curb * * * and * * * throwed me off balance." He fell against the radiator of the car and injured his chest. After he struck the car, he raised his head over the hood and saw that Pirzchalski had turned the wheel to guide the car into the alley. Hensley continued to hold

onto and push the car until it came to rest with half its length in the alley. He then went behind the car and pushed it down the street until it started. Hensley says that Pirzchalski asked him if he could push the car back and get it started, his understanding being that "We was going to push the car all the way back and get it started", but he admitted that he did not know which way the car was to go or would go, because he had no discussion whatever about it with Pirzchalski. Apparently, no conversation took place after the car stopped in the alley before Hensley went to the rear and began pushing it out into the street.

We fail to see that Pirzchalski owed Hensley any duty to warn him, as Hensley claims he should have, that he was about to turn the wheel of the car. No inference necessarily arises that Hensley should not have expected that the car would be guided into the alley by Pirzchalski because the latter said only that the car was to be pushed backward. The turn into the alley was at least as much to be expected as the continuance of a straight course. Pirzchalski was entitled to act on the belief that Hensley would anticipate various movements of the car as it went backwards since the grasping of the steering wheel was notice that the car might well be steered in deviation from a straight course. There were introduced into evidence pictures showing a car in the position the car in question was when the pushing began. As the trial court noted in his opinion, it is impossible to escape the conclusion from the testimony and the pictures that a maneuver fully to be expected under the circumstances was the one that took place—the backing of the car into the alley and then the forward push. Since this solution of the problem required the turning of the wheel in exactly the manner in which Pirzchalski turned it, and there was no understanding or agreement, express or implied, that this would not be done or that some other maneuver would be the only attempt to start the car, we hold that Pirzchalski was entitled to anticipate that Hensley would protect himself against the hazards that such a movement would bring. This being so, Pirzchalski was under no obligation to warn against the occurrence of what should have been as apparent and fore-

seeable to Hensley, as it was to him. In *Sanders v. Williams,* 209 Md. 149, in discussing contributory negligence, we said that one way to measure it, as was true of primary negligence, was to look to the need in a given situation of anticipating danger. We continued: "Presence or absence of reasonable foresight is an essential part of the concept. One is charged with notice of what a reasonably and ordinarily prudent person would have foreseen and so must foresee what common experience tells may, in all likelihood, occur, and to anticipate and guard against what usually happens. On the other hand, one is not bound to anticipate every possible injury that may occur or every possible eventuality." Here we think that Hensley, who worked with automobiles, must be charged, under the circumstances and in the environment, with the need of foreseeing what common experience taught was, in all likelihood, about to happen and that Pirzchalski is not chargeable with the failure to anticipate that Hensley would not measure up to his obligation. The test is not unlike that applied to the possessor of land who is sought to be held liable for harm caused to an invitee by a condition of which he is aware, or in the exercise of due care, should have been aware. In that situation, three things must concur if he is to be held liable; (one), a realization that the condition constitutes an unreasonable risk to the invitee, (two), absence of reason to believe that the invitee will discover the condition or realize the risk, and (three), failure to exercise reasonable care to make the condition reasonably safe, or to give a warning that will enable the invitee to avoid the danger. In considering whether the risk will be realized, the owner is entitled to assume that the invitee will act as a reasonable man would act. *Glaze v. Benson,* 205 Md. 26, 32, 33. We think that a reasonably prudent man would have realized that it was likely that the automobile would be turned into the alley and taken the precautions necessary under the circumstances. Hence Pirzchalski was not negligent in failing to anticipate that Hensley would not foresee what a reasonable man would have foreseen.

The appellant argues that because a demurrer to his amended declaration was overruled by one Judge of the

Supreme Bench, the different Judge who presided at the trial was required, as a matter of law, to let the case go to the jury on the evidence sustaining the allegations of the declaration. Without intending to imply that we see any general merit in appellant's contention, we note that the declaration is grounded on the premise, explicit and implicit, that Hensley was following the express directions of Pirzchalski, when the latter violated his own instructions and injured Hensley, whereas the testimony fails completely to show that there were any express instructions from Pirzchalski to Hensley or any understanding or agreement as to just what was to be done. There is no merit in this contention of appellant and the trial judge was free to rule on the case as the facts testified to presented it to him.

*Judgment affirmed, with costs.*