## MORRISON *v.* SUBURBAN TRUST COMPANY, EXECUTOR

[No. 147, October Term, 1956.]

*Decided April 10, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*John F. Lillard, Jr.,* for the appellant.
The Court declined to hear argument for the appellee.

*Hal C. B. Clagett* and *Sasscer, Clagett & Powers* on the brief for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Appellant was injured in the commercial garage of the decedent, represented here by his executor, the appellee, when he tripped over the handle of an automobile jack protruding from the front of a car. At the conclusion of the evidence for the injured man, the trial court, assuming primary negligence for the purpose of the decision, found the plaintiff to have been contributorily negligent as a matter of law. The appeal is from the judgment for the defendant below, for costs.

We find no need to rule on the question of contributory

negligence since we think there is no evidence of primary negligence. Appellant Morrison was the treasurer of the town of Bladensburg and appellee's decedent, Cobb, was one of the town councilmen. Morrison "dropped in" Cobb's garage one afternoon to talk to him about town affairs. The garage has big double doors. As one goes in there is an office at the left front corner, with a door on the street side and a door ,opening into the garage. Cobb was working at a bench about half way down the length of the garage on the right side. Morrison walked back to him and the two talked for several minutes. Then they started to walk together to the office. The testimony does not show who initiated the move. As they crossed the garage towards the office on the other side, Morrison tripped over the handle of a four wheel jack protruding about four inches above the floor, the body of.which was under the front of a car about fifteen feet inside the double doors and in the middle of the garage. Morrison said: "Mr. Cobb was a big man and I am short, and, as we were walking, I was talking and looking up at him." He testified further: "I was looking up and I didn't see the jack handle and I tripped over it." The double doors were open on a bright sunny day in March and the time was about two-thirty in the afternoon. On cross-examination Morrison admitted that there was nothing to prevent him from seeing the jack handle "if I had looked at it" and that had he looked, he probably would not have fallen over the jack. He himself had owned an interest in, and worked about, a filling station and garage and said he was familiar with their operations and with the type of jack involved, as well as with every other type. He was entirely familiar with Cobb's garage since he had visited there a number of times.

It is conceded that Morrison was an invitee to whom was owed the duty of ordinary care. In our opinion ordinary care in the conduct of a garage does not require that the floor area used in the day-by-day operations be free of jack handles which, in the nature of the business, must constantly be used or, if it is not, that a warning of their presence must be given a visitor. In *Chalmers v. Tea Company,* 172 Md. 552, 555, Judge Offutt for the Court distinguished between situations

where the injuries were caused by abnormal conditions of the business premises that created the danger, which the visitor had no reason to anticipate or guard against and situations such as those presented by the evidence in this case. There the business was a grocery store. He noted that boxes, cartons, crates and bags are found in such stores scattered in more or less disorderly arrangement, and said: "Visitors to such a store must expect to find and to guard against those conditions, because they are an ordinary and usual incident of the business. One is not required to conduct an ordinary and lawful business at his peril merely because persons visiting his premises for business purposes may be injured by conditions commonly incident to the business, when they could have avoided the danger by exercising the degree of vigilance which the conditions required. If one enters a store where he must reasonably expect to find boxes, bags, or other like obstructions, placed irregularly here and there on the floor, he must look for them, and if he does not look, and falls over such an obstruction because he did not look, he cannot complain." The negligence of the storekeeper and the contributory negligence of the visitor were held to be for the jury in that case because the store owner had placed a carton in the only passageway provided from the meat counter to the grocery counter or the door, and the plaintiff, in turning from the meat counter, had room for only one step before falling over the box. It was held that patrons in a grocery store must be expected by the owner to look at the goods displayed for sale, and not at the floor, and were entitled to rely on the presumption that narrow passageways provided for use are unobstructed. The Court distinguished cases such as *Smith v. Emporium Mercantile Co.* (Minn.), 251 N. W. 265, 266; *Greene v. Sibley, etc., Co.* (N. Y.), 177 N. E. 416; and *Adriance v. Duncan Corporation* (Mass.), 196 N. E. 906. In the Minnesota case it was held not to be negligence for a storekeeper to place a platform displaying merchandise so that it protruded in the aisle because such an arrangement was ordinary and customary. The New York case held that the fact that the leg of a workman inspecting a cash register extended into an aisle and

that a customer tripped over it, was not sufficient to charge the proprietor with negligence. In the Massachusetts case, negligence was not found from the placing of a lawn mower in an aisle of a hardware store because such a display was necessary in the nature of the goods and the business.

In the instant case the proprietor of the garage had no goods for sale and cannot be required to have anticipated that visitors would not watch where they were going as they walked about the garage. The jack handle which caused the injury was not in a passageway nor where one would come upon it unexpectedly or suddenly. Indeed, there was a clear space of fifteen feet between it and the front of the garage. There was ample light and the injured man was thoroughly familiar not only with the premises in question but the nature and conduct of the garage business. There is nothing in the evidence to show or suggest that Cobb was shepherding Morrison along the journey to the office or that he selected the course that was followed. It had been decided that the two would go to the office and, seemingly, they were merely walking together to their common destination, talking as they walked. The evidence does not make clear how it was that Cobb safely passed the jack handle. It may be that he was walking closer to the front door than Morrison and, so, beyond its reach, or it may be that he stepped over it. In any event, there is nothing to show that Cobb was put on notice that Morrison would not avoid the handle in the same way Cobb had, or in some other way.

This being so, Cobb was under no obligation to warn against the occurrence of what should have been as apparent and foreseeable to Morrison as it was to him. Morrison, with his background and experience, must be charged under the circumstances and in the environment with the need of foreseeing what experience and familiarity with the premises and the business had taught him was, in all likelihood, apt to be encountered as he walked about, and Cobb is not to be charged with the failure to anticipate that Morrison would not measure up to his obligation. *Hensley v. Pirzchalski,* 212 Md. 471. The possessor of land is held liable for harm caused to an invitee by a condition of which he was aware,

or, in the exercise of due care, should have been aware, only if he realizes that the condition constitutes an unreasonable risk to the invitee, has no reason to believe that the invitee will discover or realize the risk and fails to exercise reasonable care to make the condition reasonably safe or to warn the invitee. In considering whether the invitee will discover and realize the risk, the owner is entitled to assume that he will act as a reasonable man would act. *Hensley v. Pirzchalski, supra;* and *Glaze v. Benson,* 205 Md. 26, 32-33. *Restatement, Torts,* Secs. 289 and 343.

We find Cobb not to have been negligent in failing to anticipate that Morrison would not foresee and guard against the danger that was actually encountered, and, finding no breach of any duty owed by Cobb, affirm the judgment.

*Judgment affirmed, with costs.*