SILBERG ET AL. *v.* KLAWANS (KAYE) ET UX.

[No. 46, September Term, 1962.]

*Decided November 7, 1962.*

The cause was argued before Brune, C. J., and Henderson, Prescott, Marbury and Sybert, JJ.

*Donald L. Merriman,* with whom were *Merriman & Merriman* on the brief, for the appellants.

*T. Benjamin Weston* and *Robert J. Thieblot,* with whom were *Thomas G. Andrew* and *Rollins, Smalkin, Weston & Andrew* on the brief, for the appellees.

Henderson, J., delivered the opinion of the Court.

The appellant, Sylvia Silberg, and her husband brought actions to recover for injuries sustained by her while a social guest in the home of the appellees. The case was submitted to a jury, who found for the defendants under an instruction which the appellants claim was erroneous. Both briefs contain excellent and exhaustive discussions of the problem, said to be novel in this State, as to the duty owed to a social guest. The appellees also contend, however, that even if the duty owed is, as contended by the appellants, the same as that owed to a business invitee, set out in the case of *Evans v. Hot Shoppes, Inc.,* 223 Md. 235, 239 and cases cited, there was no legally sufficient evidence to take the case to the jury, and their de-

murrer prayers should have been granted. Since we agree with this contention, we need not now decide the question posed as to the court's instruction.

Mrs. Silberg was wearing high heeled, strapless pumps at the time of the accident, the heels being some three inches high, and $\frac{3}{8}$'s of an inch in diameter at the base or lift. She fell down a well lighted flight of stairs leading to a recreation room which were completely covered, as was the floor at the top, with wall to wall carpet. There was no witness to the accident, and Mrs. Silberg herself did not then know what caused her to fall. Some months later, when she saw photographs of the scene, she concluded that, although her shoe did not come off, she must have caught her heel in a seam in the carpet where the covering of the top step met the covering of the floor. There was testimony that the seam was about five inches from the edge of the top step, and that the two carpets, of different color and material although of the same thickness, were securely fastened together, having been glued to a linen tape and pad underneath, and cross stitched on top. There was testimony from the plaintiff's witness that this method was "in excess" of what would normally be required. There was also testimony that the "proper" method of "seaming" a carpet was to place the seam in the "crotch" between the riser and tread of the top step, because foot pressure had a tendency to break a seam. But there was no evidence of a break in the instant case, or any other defect. Nor was there any testimony that the existence of a properly fastened seam was in and of itself a dangerous condition. The first floor carpet had been in place when the appellees bought the house. They employed a professional carpet man to install the carpet on the stairs. Mr. Silberg testified that he was able to put his little finger into the seam between the stitching although he admitted that it was solidly secured underneath, edge to edge.

Mrs. Silberg had been up and down these same stairs previously on the night of the entertainment, but she did not notice that the carpets were of different colors, nor was she able to explain how the catching of her right heel would cause her to fall without losing either shoe. But if we assume without deciding, that her testimony was sufficient to establish the cause

of the accident and her freedom from contributory negligence, we think the evidence was insufficient to charge the appellees with a lack of reasonable care in the laying or maintenance of the floor covering. Even in the case of business invitees, the cases in which it has been held that a jury question is presented have usually been cases where the stairway was in a peculiarly dangerous location, or there was a display calculated to divert the patron's attention. See *Ludloff v. Hanson,* 220 Md. 218, 224 and cases cited. Or there was a dangerous defect that was known, or should have been known, to the proprietor. Cf. *Dickey v. Hochschild, Kohn & Co.,* 157 Md. 448, 452 and *Weidman v. Consol. Gas, Etc. Co.,* 158 Md. 39, 43. For cases in other States in which directed verdicts have been sustained where the female plaintiff caught her heel in floor coverings or registers, see *Robinson v. Southwestern Bell Telephone Company,* 167 N. E. 2d 793 (Ill.), *Broadston v. Beddeo Clothing Co.,* 178 N. W. 190 (Neb.), and *Corthell v. Great Atlantic & Pacific Tea Co.,* 196 N. E. 850 (Mass.)

The appellants further contend that the trial judge erred when he refused to admit photographs taken by them more than two years after the accident. We find no abuse of discretion. See *Nocar v. Greenberg,* 210 Md. 506, 510. There was testimony that the carpets had become worn in the interval, and in any event the court admitted, without objection, photographs taken a few days after the accident which clearly portrayed the situation.

*Judgment affirmed, with costs.*