COOK ɛт vɪʀ *v.* PEOPLE'S DRUG STORES, INC.

[No. 484, September Term, 1965.]

*Decided November 10, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and FINAN, JJ.

*Leonard J. Ralston, Jr.,* with whom was *Martin E. Gerel* on the brief, for the appellants.

*Lansdale G. Sasscer, Jr.,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief, for appellee.

PER CURIAM.

Appellant was injured in the store of the appellee, which was very familiar to her, when she turned suddenly to walk toward a rack of greeting cards forty feet away at which she was looking and fell over a low platform, empty at the time but used ordinarily to display articles of merchandise. The platform was at the end of and flush with one of several check-out counters.

It did not protrude into an aisle but rather extended into a wide, well lighted area that ran between the check-out counters and the merchandise to their rear. The trial judge directed a verdict for the appellee and we think he was right in doing so.

The case is quite analogous to *Evans v. Hot Shoppes, Inc.,* 223 Md. 235, 241, where a patron of a restaurant struck her ankle on the protruding lower part of a magazine rack, which was situated somewhat similarly to the platform in the instant case, and fell. We said there in affirming the direction of a verdict for the defendant:

> "We shall now apply the tests as laid down by Section 343 [of the Restatement of Torts] and the Maryland cases to the facts immediately before us. We think it apparent that the injuries complained of were not the result of any latent, concealed or extraordinary condition of the appellee's premises. The rack was purposely located in a well-illumined, conspicuous position, so as to attract attention and assist in the sale of the merchandise located thereon. It is a matter of common knowledge that many restaurants, drugstores, barbershops, and similar establishments sell newspapers, magazines, and other articles of merchandise. And the law recognizes that, of necessity, a seller of merchandise must utilize counters, cases, racks, and other equipment in which to display his wares, and, if such equipment be reasonably designed and properly arranged, customers reasonably can be expected to avoid injury therefrom when it is in full view. 38 Am. Jur., *Negligence,* ¶ 136. We, therefore, conclude that the injuries received by Mrs. Evans were the result of a condition of the appellee's premises that was commonly incident to its business."

The language and the holding are controlling here. See also *Morrison v. Suburban Trust Co.,* 213 Md. 64.

*Judgment affirmed, with costs.*