PAQUIN, ET VIR *v.* McGINNIS, ET UX.

[No. 294, September Term, 1966.]

570

*Decided May 4, 1967.*

The cause was argued before HORNEY, MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*Samuel Intrater,* with whom was *Albert Brick* on the brief for appellants.

*Lansdale G. Sasscer, Jr.,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief for appellees.

MARBURY, J., delivered the opinion of the Court.

The question of what duty is owed by a host to a social guest in his home was raised in *Sugar v. Traub,* 233 Md. 320, 196 A. 2d 869, and *Silberg v. Klawans,* 230 Md. 30, 185 A. 2d 389, but these cases were decided on other grounds. The question has never been answered by this Court, and it is before us once again.

Appellants, William E. Paquin and Gabrielle C. Paquin, his wife, were houseguests of appellees, Lawrence McGinnis and his wife, Mary D. McGinnis. Appellants had come from Rhode Island, the state of their residence, to visit their daughter who was a nun at a local convent. Prior to visiting their daughter, they contacted appellees, who had extended an invitation to appellants to stay at their home when appellants visited in the area. Appellants asked whether they might spend a weekend at appellees' home. On Friday, May 10, 1963, they were met at an airport by appellees and were driven to appellees' home in Adelphi, Maryland. The appellants occupied the bedroom in which they had stayed on previous visits. The room was furnished with a double bed and the other usual furnishings. There was a small "scatter" rug on each side of the bed, and the floor was of hardwood which was polished and shiny. The house was well kept.

On the evening of the 11th of May, the second night of the visit, while Mrs. Paquin was walking around the bed to turn down the blankets, she stepped on the scatter rug on the right side of the bed; the rug slipped; she fell and was injured. Mr. Paquin testified that on a prior visit when he was wearing leather heeled loafers he "slipped a little bit" on the rug on the left side of the bed. He pushed the rug under the bed and did not mention the incident to anyone. On his next visit he did the same thing and again pushed the rug under the bed and did not say anything about it.

Appellants brought suit in the Circuit Court for Prince George's County against appellees for damages sustained as the result of injuries Mrs. Paquin received because of the alleged negligence of appellees. At the close of the plaintiffs' case, Judge Parker directed a verdict in favor of appellees; and from the judgment on the verdict, appellants have appealed.

A social guest who enters a premises at the express or implied invitation of the host is not an invitee in a legal sense even though he enters the premises upon the basis of the invitation. A social guest enters the premises of his host for his own benefit and convenience, and the hospitality the guest receives is bestowed gratuitously. The use of the premises is extended to him merely as a personal favor to him. As a sign of hospitality the host often treats the guest as "one of the family" to whom is offered the first serving or the most comfortable chair. The legal duty owed to a social guest by a host is to take the same care of the guest that the host takes of himself and other members of his family.

The majority of jurisdictions hold that the guest is expected to take the premises as the host uses them, and he may not expect that they will be prepared for his reception or that precautions will be taken for his safety in any manner in which the host did not prepare or take precautions for his own safety or the safety of the members of his family. 38 Am. Jur., *Negligence,* Section 117, page 778; 65 C.J.S., *Negligence,* Section 63(136), page 920; Restatement (Second), *Torts,* Section 330, comment h 3. See cases collected in 25 A.L.R. 2d 598.

The Restatement (Second), *Torts,* Section 342, imposes liability upon a host for physical harm caused to guests by a condition on the premises if, but only if, (1) the host knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such guests, and should expect that they will not discover or realize the danger, and (2) the host fails to exercise reasonable care to make the condition safe, or to warn the guests of the condition and the risk involved, and (3) the guests do not know or have reason to know of the condition and the risk involved.

The host has no duty to warn of dangers or defects of which he had no knowledge or means of knowledge, nor does he have a duty to give a warning of a condition which should be obvious to the guest. Restatement (Second), *Torts, supra,* comments a, b, c, and d.

The view of the majority has been criticized by appellant and by various writers as being illogical, and they have urged that the guest, invited and even urged to come, rightfully expects

more than mere inactivity for his safety since he does not have the intimate knowledge of the premises that a member of the family has. See Prosser, *Torts,* (3d ed.), Section 60, notes 85 and 86, page 388. Another reason given for the minority view is that, in modern times, a host is better able to spread the risk of loss as the result of injuries to his guests caused by the conditions in his home by purchasing liability insurance. 2 Harper and James, *Torts,* Section 27.11, page 1477. Commented on in Prosser, *supra,* page 388.

We find this reasoning unpersuasive. A business visitor or invitee who enters the private premises at the express or implied invitation of the occupier has a relationship with the invitor much different from that of a social guest and a host. When a person invites an invitee or business visitor to his premises, the invitor usually does so at his own convenience and for his own purposes. Often it is an economic and commercial necessity that requires a person to open his private premises to an invitee or business visitor for a special purpose. The premises of the invitor become the invitor's place of transaction for the purposes for which the visitor was invited. An occupier is under an affirmative duty to protect those who enter premises upon business or other purposes which concern the invitor not only against dangers of which he knows, but also against those which with reasonable care he might discover. *Crown Cork and Seal Co. v. Kane,* 213 Md. 152, 131 A. 2d 470; *Long v. Joestlein,* 193 Md. 211, 66 A. 2d 407.

A host invites a social guest to his premises, generally not for his own purposes, such as for the transacting of business or the receiving of a service, but as an act of friendship and hospitality. The host does not open his premises to the social guest as a member of the public, nor does a host open his premises to the guest because of economic benefits expected to be derived. The social guest does not enter the host's premises because of commercial compulsion, habit, or the design of the premises. The relationship between the social guest and the host is usually on an intimate basis. The social guest makes no pecuniary payment for the benefits of his host's hospitality and generosity. He thereby benefits from not having to pay for

things which he may have needed, but which were provided by his host. For example, in this case, appellants did not have to pay for weekend lodging because of the hospitality of the appellees. It would be too much to ask a host to provide greater care for a guest, who benefits from his host's gratuitous hospitality, than the host provides for his own family. The burden imposed upon the host should not be increased even though the additional weight may be supported with the aid of liability insurance. To do so would put a price on friendship and hospitality which this Court declines to do.

The use of hardwood, polished, waxed floors, furnished with rugs, in homes is a matter of common knowledge; and this type of floor and furnishing is not inherently dangerous or a hazard to the safety of a social guest. *Rademaker v. Williamson,* 355 S. W. 2d 154 (Ky. 1962) ; *Bernier v. Bournakel,* 152 Me. 314, 128 A. 2d 846 (1957) ; *Ashley v. Jones,* 126 Cal. App. 328, 271 P. 2d 918 (1954). See 25 A.L.R. 2d 598, 614 and supplement. There was nothing in evidence to show that there was anything unusual about the rug or the condition of the bedroom. It is a matter of general knowledge that scatter rugs on polished hardwood floors will occasionally slip or move a little. There was no evidence that appellees should have expected that Mrs. Paquin would not discover or realize that the rug might slip. There was no evidence that the appellees knew that they had created a dangerous condition and none that is sufficient to show that they should have so known. Not knowing that an unreasonable risk existed, there was no breach of duty on their part in failing to warn the appellants of a hazard of which they themselves were aware.

For the aforegoing reasons the judgment entered below is affirmed.

*Judgment affirmed with costs.*