Joseph **LESTER**, etc., et al., Appellants,

v.

**H. Searl DUNN et al.**

Joseph **LESTER**, etc., et al.,

v.

**H. Searl DUNN, Appellant,**
**Ann deLaVal Dunn.**
**Nos. 24294, 24295.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 6, 1970.

Decided Dec. 1, 1970.

Before WRIGHT and ROBB, Circuit Judges, and MATTHEWS,* Senior District Judge, U.S. District Court for the District of Columbia.

ROBB, Circuit Judge:

In this action in the district court the plaintiffs sought damages for injuries sustained by a nine-year-old boy while playing on a swing. The plaintiffs were the boy, Joseph Lester, and his parents. The accident occurred in the backyard of the defendant Dunn's house, located in Maryland. The case was tried to a jury. At the conclusion of the evidence the district judge ruled that under Maryland law Joseph Lester was a licensee of the defendant and that in Maryland "the landowner owes no duty to the licensee, even one of tender years, except to abstain from willful or wanton misconduct." Since there was no evidence of willful or wanton misconduct on the part of the defendant the court directed a verdict in his favor. We think the court's interpretation of Maryland law was incorrect, and we reverse.

The evidence disclosed that several weeks before Joseph Lester was injured the defendant's wife and his son, David, rigged a "Tarzan swing" in the defendant's backyard. The yard sloped downward at about a 65° angle toward a creek bed. The swing, consisting of a single rope, was made fast to the limb of a tree near the creek, so that when the rope was pulled back to a tree root thirty-four feet from the creek and then allowed to swing forward, its arc ended at a point twenty-two feet above the creek. At first the rope had only a knot at the free end, but about a week before the accident an automobile tire was attached to this end. After the swing was installed, Mr. Dunn tested it to see if it would hold his weight and he tried swinging on it. Thereafter he saw children playing on the swing on four or five occasions.

Before Joseph Lester's accident there had been two other accidents on the swing, one about a month before when a

Mr. James B. Goding, Washington, D. C., for appellant in No. 24,294 and appellee in No. 24,295.

Mr. James F. Bromley, Washington, D. C., with whom Mr. James C. Gregg, Washington, D. C., was on the brief, for appellant in No. 24,295 and appellee in No. 24,294.

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1964).

boy fell some sixteen or eighteen feet after his hands slipped from the rope, and the other about two weeks later when Mr. Dunn's son Carl had a similar mishap. Mr. Dunn learned of these accidents at or about the time they occurred, but he took no precautionary measures.

The injury to Joseph Lester occurred on the afternoon of October 26, 1968, a Saturday. Following a neighborhood Hallowe'en party on that day Mr. Dunn's son David invited several boys to his house to play on the swing. The boys had been playing for fifteen or twenty minutes before the accident occurred and Mr. and Mrs. Dunn had been watching them through the picture window of their house. Joseph used the swing once without difficulty, holding to the bottom of the tire. At the suggestion of the other boys he then "tried getting on top of the swing"—that is, sitting on top of the tire. Lacking the strength to hold on he slipped off when the tire was near the top of its arc, fell about twenty feet to the bank of the creek, and was injured.

■ It is a matter of common knowledge that parents permit their children to invite others to play at the parents' home. Specifically, there was evidence here that with the knowledge and approval of Mr. Dunn, his son David had in the past invited other children to play with him on the swing, and that following this practice, also with the approval of Mr. Dunn, David had invited Joseph Lester to use the swing on the day of the accident. This evidence justified the conclusion that Joseph Lester was a guest on the Dunn property, that is, a licensee by invitation.

In a series of recent cases the Court of Appeals of Maryland has announced the test for liability of a host for physical harm caused to a guest by a condition on the premises. Telak v. Maszczenski, 248 Md. 476, 237 A.2d 434 (1968); Stevens v. Dovre, 248 Md. 15, 234 A.2d 596 (1967); Paquin v. Mc-

Ginnis, 246 Md. 569, 229 A.2d 86 (1967).[1] These cases adopt the test set out in Restatement (Second) of Torts § 342, which:

> "* * * imposes liability upon a host for physical harm caused to guests by a condition on the premises if, but only if, (1) the host knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such guests, and should expect that they will not discover or realize the danger, and (2) the host fails to exercise reasonable care to make the condition safe, or to warn the guests of the condition and the risk involved, and (3) the guests do not know or have reason to know of the condition and the risk involved." Paquin v. McGinnis, 246 Md. 569, 572, 229 A.2d 86, 88 (1967).

■■ In this case we think that the jury could have found from the evidence that Mr. Dunn knew or should have realized that use of the swing involved an unreasonable risk to children; and it was for the jury to determine whether Mr. Dunn failed to exercise reasonable care to make the swing safe or to warn Joseph of the danger. We think further that the jury could rationally conclude from the evidence that Joseph did not appreciate the danger of the swing, and that Mr. Dunn should have recognized this fact. In this connection we note that in discussing the absence of liability when a dangerous condition should be obvious to a guest, the Maryland court in Paquin v. McGinnis, 246 Md. 569, 572, 229 A.2d 86, 88 (1967) cited comments b and c to Restatement (Second) of Torts § 342. These comments explain that although a dangerous condition is open to the perception of a child guest, this fact may not be enough to entitle his host to assume that the child appreciates the danger.

We conclude that under Maryland law there was a case for the jury.

The judgment is reversed.

1. Apparently these cases were not brought to the attention of the district judge.