RAYMOND KIGHT ET UX. *v.* WILLIAM BOWMAN ET UX.

[No. 579, September Term, 1974.]

*Decided March 14, 1975.*

   The cause was argued before ORTH, C. J., and DAVIDSON and MELVIN, JJ.

*Thomas L. Beight* for appellants.

*Timothy J. Bloomfield* for appellees.

ORTH, C. J., delivered the opinion of the Court.

## STATEMENT OF THE CASE

By an *ex delicto* action instituted in the Circuit Court for Montgomery County, Raymond Kight and Carmen T. Kight, his wife, are seeking to recover damages from William Bowman and wife (the Bowmans); Joseph G. Moore and wife, individually and as partners trading as Moore Contractors (the Moores); and Eugene R. Roberts (Roberts). We are concerned on this appeal only with the action with respect to the Bowmans.

In the original declaration, filed on 11 August 1972, Roberts did not appear as a party. The Bowmans were sued in the 1st count by Mrs. Kight, in the 3rd count by Mr. Kight, and by both of them in the 5th count. The Bowmans demurred to the counts against them, and, on 5 January 1973, by order of Moorman, J., the demurrer was sustained with leave to amend in 15 days. It was not amended within the time set. On 25 April 1973, however, the Kights filed an amended declaration which named the defendants in the original declaration and added Eugene R. Roberts as an additional defendant. The Bowmans were sued in counts 1, 5, and 8, and those counts were identical to counts 1, 3, and 5 of the original declaration. The Bowmans again demurred as to the counts against them. By order of 10 May 1974 of Mitchell, J., the demurrer was sustained without leave to amend, and final judgment was entered in favor of the Bowmans for costs. Judge Mitchell vacated that order and judgment by his subsequent order of 23 May, and set the matter for hearing. Upon hearing before Moorman, J., the demurrer was again sustained without leave to amend as to counts 1, 5, and 8, by order of 19 July. Maryland Rule 345 e. See *Golden Hill Dev. Co. v. Unger*, 267 Md. 26. On 25 July final judgment in favor of the Bowmans was entered upon the express determination of Judge Moorman that there was

no just reason for delay and upon an express direction by tl e court for the entry of judgment. Rule 605 a; *Frericks* ). *Baines,* 16 Md. App. 343. The Kights appealed from the juogment, reserving the right to proceed against the other defendants.

## THE ISSUE FOR DECISION

The sole issue for decision is the propriety of the order of 19 July 1974 sustaining the demurrer to counts 1, 5, and 8 of the amended declaration without leave to amend.[1]

When the propriety of an order sustaining a demurrer to a declaration without leave to amend is considered by an appellate court, it is required to assume, for the purposes of the ruling, the truth of all material and relevant facts that are well pleaded as well as all inferences which can be reasonably drawn from those well pleaded facts. This, said the Court of Appeals in *Schwartz v. Merchants Mort. Co.,* 272 Md. 305, 307, "we have said so often that extensive citations are unnecessary." Therefore, assuming the truth of all such factual allegations, we must determine whether the amended declaration states a cause of action against the Bowmans.

## THE FACTS

Each of counts 1, 5, and 8 sought damages against the Bowmans as a result of their negligence. By the 1st count Mrs. Kight prayed $20,000 because of injuries suffered by her. By the 5th count Mr. Kight prayed $5,000 for money expended and to be expended for medical treatment for Mrs. Kight. By the 8th count Mr. and Mrs. Kight prayed $5,000 for loss of consortium. Counts 5 and 8 incorporated by

---

1. The Kights present the question: "Assuming the truth of all allegations contained within Counts I. V and VIII of the Amended Declaration, did Appellants fail to state a cause of action agains; the Appellees *upon which relief could be granted?*"

The Bowmans put it thus: "Whether the Circuit Court properly sustained a demurrer to a declaration alleging negligence by property owners (appellees) when the facts alleged in the declaration show that plaintiff-appellant was not an invitee on the property and that the property owners are unaware of, and had no reason to anticipate, plaintiff-appellant's presence on the property?"

228

reference all the allegations contained in the 1st count. We set out the material and relevant facts alleged in the declaration, largely in the words therein used with only minor editing.

The Kights and Bowmans lived next door to each other on Regina Drive in Silver Spring, Maryland in dwellings which they respectively owned. About 8:30 o'clock on the morning of 24 April 1974, Mrs. Kight left her house intending to drive to work. She discovered that she did not have her keys. In the past she had gone to the Bowman house many times as a result of reciprocal invitations that were extended each to the other property owners on numerous occasions, and she went there on this occasion to use the Bowman telephone. After knocking on the front door and getting no response, she heard noises in the rear yard and went around towards the rear of the yard. She was struck on the head without any warning by a piece of falling rain gutter and fell to the ground momentarily unconscious. Upon regaining consciousness she discovered that the gutter had been removed and discarded by an employee of the Moores acting within the scope of his employment. The Moores had been engaged by the Bowmans to remove and replace the gutters on their home and to install aluminum siding on a rear second-story dormer. The employee did not look down to clear the rear yard area before he threw the piece of gutter to the ground. The Bowmans did not warn Mrs. Kight of the work in progress. Mrs. Kight was exercising due care for her own safety and was without knowledge of the hazardous work. The Bowmans engaged the Moores because they were the lowest bidders for the job of several contractors bidding. The Bowmans hired the Moores without ascertaining the qualifications, experience, financial integrity or reference of the Moores, and therefore, hired a company which did not adequately supervise or train its employees to do a hazardous job, and this negligent hiring was the proximate cause of Mrs. Kight's injuries. Mrs. Kight, at the time of the injury and at all times before, was without knowledge of the hazardous work. The Bowmans, however, had such knowledge and took care to advise and warn members of

their family of the work in progress but did not warn Mrs. Kight. Mrs. Kight's injuries and the resulting damages were due to the negligence of the Moores, their employee, and the Bowmans.

## THE LAW

To state a cause of action in negligence, the plaintiff must allege a duty owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the plaintiff as a result of that breach. *Bramble v. Thompson,* 264 Md. 518, 520-521. In the frame of reference of this case, the Bowmans could owe a duty to Mrs. Kight only through her presence on the Bowman property. Therefore, the first inquiry is with respect to her status on the property.

A person may be upon another's property as an invitee, a licensee, or a trespasser. They were defined in *Bramble v. Thompson, supra,* at 521-522. An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business. A licensee is one privileged by virtue of proper consent to enter for his own purpose or convenience onto another's property. There are two types of licensees, a bare licensee and a licensee by invitation, or social guest. A trespasser is one who intentionally and without consent or privilege enters another's property.

We believe that on the facts alleged, Mrs. Kight was a bare licensee.[2] On the day she was injured, Mrs. Kight "left her home intending to drive to work without realizing that she left without her keys." She went to the Bowman house "to use their phone". Even though she had gone to the home of the Bowmans "many times in the past as a result of reciprocal invitations that were extended each to the other property owners on numerous occasions", she went on this occasion, not for a social visit, but to use the telephone. In

---

2. In their brief the Kights assert that they "allege in their Amended Declaration that Mrs. Kight was a social guest or licensee by invitation and not a bare licensee." We do not find this statement in the amended declaration.

the circumstances, she was, at best, a licensee, but only a bare licensee, not a licensee by invitation.

We are aware of the discussion of the term "social guest" in *Paquin v. McGinnis,* 246 Md. 569, 572-574. *Paquin* first decided in this jurisdiction the duty of a home owner to a "social guest", equated in *Stevens v. Dovre,* 248 Md. 15, at 18, with "licensee", and in *Telak v. Maszczenski,* 248 Md. 476, 483 with "licensee by invitation". The discussion in *Paquin* was manifestly in the frame of reference of the duty owed to a "social guest", not in terms of whether the injured party was a "social guest" *vel non.* As in *Paquin,* it was not disputed in *Stevens,* in *Telak,* and in *Lester v. Dunn,* 436 F. 2d 300 (D.C. Cir. 1970), applying Maryland law, that the injured person was a social guest, that is a licensee by invitation, and the discussion in each was in that context. We see nothing in those cases to lead to the view that Mrs. Kight was more than a bare licensee under the circumstances of her presence on the Bowman property.

Our inquiry turns to the duty owned by the Bowmans to Mrs. Kight as a bare licensee. "A bare licensee takes the property as he finds it and, like a trespasser, he is owed no duty by the owner except that he may not be wilfully or wantonly injured or entrapped by the owner once his presence is known." *Bramble v. Thompson, supra,* at 521, citing *Crown Cork and Seal Co. v. Kane,* 213 Md. 152, 157; *Carroll v. Spencer,* 204 Md. 387, 393; *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 207. See *Telak v. Maszczenski, supra,* at 483.[3]

---

3. With respect to an invitee, the owner must use reasonable and ordinary care to keep his premises safe and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his safety, will not discover. *Morrison v. Suburban Trust Co.,* 213 Md. 64, 68-69.

The only duty of care a property owner owes to a trespasser, even one of tender years, is to refrain from wilfully or wantonly injuring the intruder. *Mondshour v. Moore,* 256 Md. 617, 619.

A licensee by invitation is a social guest who takes the premises as his host uses them. In general, the legal duty owed him by the host is to take the same care of the guest as the host takes of himself or members of his family. He must exercise reasonable care to make the premises safe for his guest or he must warn the guest of known dangerous conditions that cannot

## DECISION

Thus Mrs. Kight took the Bowman premises as she found them. Neither the facts nor any inference which can be reasonably drawn from them indicate that the Bowmans knew of Mrs. Kight's presence. *Jackson v. Penna. R. Co.*, 176 Md. 1, 10. They were guilty of no breach of duty to her. In this respect the amended declaration was insufficient as a matter of law insofar as it concerned the Bowmans. See *Hicks v. Hitaffer*, 256 Md. 659, 661.

The Kights also claim that the Bowmans did not exercise proper care in selecting the independent contractor. They allege that the "primary negligence" [4] of the Bowmans "was in their selecting a contractor who was not capable of safely and competently performing the contractual tasks." Accepting as true that the Bowmans were negligent in entering into a contract with the Moores, this was no breach of a duty owed by them to Mrs. Kight in her status as a bare licensee. The only authority cited by the Kights in support of this contention is *Curley v. General Valet Service*, 270 Md. 248 which dealt with an employer's negligent entrustment of an automobile to an employee and is not apposite. We observe that the Court said in *Bohlen v. Glenn L. Martin Co.*, 193 Md. 454, 462-463:

---

reasonably be discovered and which in fact are not uncovered by the guest. *Paquin v. McGinnis, supra*. See *Bramble v. Thompson, supra*, at 521-522. We observe that in the reported appellate cases in this jurisdiction dealing with the duty owed by a host to a licensee by invitation, the host was aware of the guest's presence. None of the cases reach the question of the extent of such duty when the host had no actual knowledge that his guest was on the premises. There is substantial authority, however, that a guest can recover only where his injury is the result of active and affirmative negligence of the host while the guest was known to be on the premises, or of the failure of the host to remove or warn against defects amounting to a trap or pitfall known by the host to present a danger to the guest, and which he also knows the guest will not, in the exercise of reasonable care, discover and avoid for himself. See Annot. entitled "Liability for injury to guest in home or similar premises", 25 A.L.R.2d, 598, 600. See also *Lomberg v. Renner*, 157 A. 2d, 222, 225 (Vt. 1959); *Lubenow v. Cook*, 79 A. 2d 826, 828 (Conn. 1951); comment i to Restatement (second) of Torts § 342 (1965), entitled "What constitutes reasonable care to warn", and comment h to that section.

4. Admitting "that a principal may hire an independent contractor and thereby relieve himself of any liability for the negligence of the contractor....", the Kights make no claim of vicarious liability on the part of the Bowmans.

"When an owner of land employs an independent contractor to do work which of itself is not a nuisance or where the necessary or probable effect would not be to injure others, the employer is not liable for such negligence as is entirely collateral to, and not a probable consequence of the work for which the contract was made, *Smith v. Benick*, [87 Md. 610]."

See *Associates Discount v. Hillary*, 262 Md. 570; *Schmidbauer v. Baltimore and Pittsburgh Motor Express Co.*, 228 Md. 637. In this respect the amended declaration was insufficient as a matter of law insofar as it concerned the Bowmans. We find that the amended declaration did not state a cause of action against the Bowmans. We hold that the order of 19 July 1974 sustaining the demurrer to counts 1, 5, and 8 of the amended declaration without leave to amend was proper.

*Judgment affirmed; costs to be paid by appellants.*