MAURICE W. COLEMAN ET UX. *v.* COLUMBIA CREDIT
COMPANY

[No. 672, September Term, 1978.]

*Decided April 12, 1979.*

The cause was argued before MORTON, WILNER and COUCH,
JJ.

*Arthur M. Wagman* and *Samuel C. Klein,* with whom was
*Alan B. Moldawer* on the brief, for appellants.

*D. Clifford Crook, III,* with whom were *Allen Jones, Jr.,
Craig S. Rice, Wilkes & Artis* and *McInerney, Layne,
McCormick, Sullivan & Rice* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for

Montgomery County (McAuliffe, J.) granting summary judgment in favor of the appellee, Columbia Credit Company (Columbia). Appellants, Maurice W. and Luna Coleman, husband and wife, sued Columbia under a two-count declaration alleging breach of a construction contract and negligence. The lower court granted summary judgment as to the contract count on two alternative grounds: that it was barred by limitations; and that the matter in dispute had already been submitted to binding arbitration and an award had been made thereon, "so that an action at law may not now be maintained as to the same controversy." As to the negligence count, the lower court found appellants' pleading defective, stating "there are no facts sufficient in Law to support that action."

Appellants' claims arise from their dissatisfaction with Columbia's efforts to control an erosion problem in the rear yard of their home. The record indicates that on February 23, 1972, appellants entered into a contract with Columbia for the purchase of a new house. Clause II of that contract provided, in pertinent part: "Seller agrees to make necessary repairs to rear bank to prevent erosion and replace missing earth and sod." At the time of settlement on June 7, 1972, the repairs to the yard had not yet been made. As agreed in the original contract, the parties signed a "Builder's Warranty" on June 9, 1972, in which they promised, *inter alia*, "to be bound by the compulsory arbitration provision of [the Suburban Maryland Home Builders Association (SMBHA)]." Still dissatisfied in late January, 1973, appellants filed a formal complaint with the SMBHA charging, among other things, that the necessary erosion control work in the back yard had not been performed. A hearing was held on February 20, 1973, before the Arbitration Board of the SMBHA. The Board ruled in favor of appellants in a decision dated March 2, 1973, which stated, in pertinent part:

"Item # 5 — Back yard erosion control work and resultant landscape restoration not completed. When weather permits, the builder is to contact the Montgomery County Erosion Control Department

and complete the work in compliance with their standards."

The Board's decision further provided that the "corrective measures are to be completed within sixty days."

It appears that in June or July, 1973, pursuant to the arbitration order, Columbia made certain repairs to appellants' back yard. A letter dated July 9, 1973, from the Montgomery County Sediment Control Section to the Colemans indicated that an inspection of the property had "revealed no sediment control violations." Appellants, however, experienced further erosion problems and continued to express their dissatisfaction to Columbia.

In late September, 1975, unusually heavy rains washed away a substantial portion of appellants' yard. Columbia disclaimed liability for this severe erosion in a letter to appellants dated October 6, 1975. As a result, appellants filed their declaration in the instant lawsuit on May 3, 1976, and an amended declaration on September 20, 1976. Summary judgment in favor of Columbia was granted on June 5, 1978, for the reasons noted above.

It is quite plain from the record that the erosion problem in the back yard was one of the matters submitted to arbitration at the express request of appellants. It is also clear that this matter was considered by the arbitration association and was specifically addressed in the ensuing order. The work performed by Columbia in its attempt to comply with the order indicates that it too believed the proceeding to be binding and conclusive. Yet appellants now urge that the arbitration authority of the SMBHA was confined to the house itself and did not extend to "collateral matters" such as erosion control. Whatever merit this argument might have in a different setting, we regard it as a completely untenable position under the circumstances of this case, where it was at appellants' behest that the erosion problem was submitted to arbitration.

The agreement on the part of both parties to submit this particular question of erosion control to the arbitration procedure, whether or not it would otherwise have been

required by the underlying agreement to be so submitted, sufficed to trigger the application of the Maryland Uniform Arbitration Act, Courts & Judicial Proceedings Article, § 3-201, *et seq.* Under § 3-206 (a), the statute provides that written agreements to arbitrate are "valid," "enforceable" and "irrevocable." The Uniform Act further provides, *inter alia,* for the review and enforcement of arbitration orders for which jurisdiction is vested exclusively in the equity courts. *See* § 3-201 (b). Accordingly, appellants' contract claim, which sought to litigate at law an issue which had already proceeded to arbitration and award, was not properly before the lower court. Because we believe that the trial judge was correct in granting summary judgment on this basis, we do not reach the limitations question.

We also agree with the lower court's decision to grant summary judgment on the negligence count. The judge's reasoning was set out as follows in an order dated June 5, 1978:

> "Concerning the Second Count, sounding in Tort (negligence), the Court finds that there are no facts sufficient in Law to support this action. There is no allegation or fact present in this case which will support a finding of a breach of duty owed by Defendant to Plaintiffs other than non-performance or inadequate performance of contract, warranty or arbitration award. A new cause of action in Tort cannot be created simply by alleging that it is negligence to fail to perform on a promise, or pursuant to an arbitration award, and yet this is the sole factual and legal basis for Plaintiffs' claim of negligence. See the interesting discussion of the relation between Tort and Contract actions in *The Law of Torts,* Prosser, 4th Ed., Sec. 92, p. 613, *et seq.* "

In the instant case, appellants' negligence count stated, its entirety:

> "The plaintiffs incorporate by reference paragraphs 1 and 2 of Count I. And the plaintiffs say

202

that all damages complained of were caused solely by the negligence of the defendants and its failure to comply with the contract with the plaintiffs without negligence on the part of the plaintiffs thereunto contributing."

Count I, referred to in the negligence count, alleged only a contractual duty and no new facts were alleged in Count II. It is well settled that to state a cause of action in negligence, a declaration must allege, with certainty and definiteness, facts and circumstances which adequately set forth a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from that breach. *Bramble v. Thompson,* 264 Md. 518, 520-21 (1972); *Kight v. Bowman,* 25 Md. App. 225, 229 (1975).

Here, appellants' "Amended Declaration" failed to allege either a duty owed by Columbia or a breach of that duty. Rather, it merely asserted that all damages were caused by Columbia's negligence and its failure to comply with the contract. We agree with the lower court that this type of pleading is fatally insufficient. Accordingly, we find that summary judgment was properly granted.

*Judgment affirmed; costs to be paid by appellants.*